

**Service of Process Transmittal**
03/10/2014
CT Log Number 524554841

| | |
|---|---|
| **TO:** | Anne Gadjoro, Paralegal<br>SquareTwo Financial Corporation<br>4340 South Monaco Street<br>Denver, CO 80237 |
| **RE:** | **Process Served in Colorado** |
| **FOR:** | CACH, LLC (Domestic State: CO) |

**ENCLOSED ARE COPIES OF LEGAL PROCESS RECEIVED BY THE STATUTORY AGENT OF THE ABOVE COMPANY AS FOLLOWS:**

| | |
|---|---|
| **TITLE OF ACTION:** | Tawanda Jones, Pltf. vs. Law Office of David Dean Dufek and Cach, LLC., Dfts. *Name discrepancy noted.* |
| **DOCUMENT(S) SERVED:** | Initial Order and Addendum, Attachment, Summons, Document in Foreign Language, Complaint and Jury Demand, Exhibit(s), First Notice(s), Schedule(s), Certificate(s) of Service |
| **COURT/AGENCY:** | Superior Court of the District of Columbia, WA<br>Case # 140001232 |
| **NATURE OF ACTION:** | Violations of the FDCPA, the DCDCL and the DCCPPA by using its position and title as an attorney in order to create a false sense of heightened urgency and intimidation to its collection practices, without any meaningful review of the consumer's account |
| **ON WHOM PROCESS WAS SERVED:** | The Corporation Company, Denver, CO |
| **DATE AND HOUR OF SERVICE:** | By Certified Mail on 03/10/2014 postmarked on 03/04/2014 |
| **JURISDICTION SERVED:** | Colorado |
| **APPEARANCE OR ANSWER DUE:** | Earliest Answer Date - Within 20 days after service of summons, exclusive of the day of service (Document may contain additional answer date) |
| **ATTORNEY(S) / SENDER(S):** | Radi Dennis<br>P.O. Box 57417<br>Washington, DC, WA 20037<br>202-579-1243 |
| **ACTION ITEMS:** | CT has retained the current log, Retain Date: 03/12/2014, Expected Purge Date: 03/17/2014<br>Image SOP<br>Email Notification, Wendy Dickey wdickey@squaretwofinancial.com |
| **SIGNED:** | The Corporation Company |
| **PER:** | Lori Gray |
| **ADDRESS:** | 1675 Broadway<br>Suite 1200<br>Denver, CO 80202 |
| **TELEPHONE:** | 855-483-2021. |

Page 1 of 1 / CL

Information displayed on this transmittal is for CT Corporation's record keeping purposes only and is provided to the recipient for quick reference. This information does not constitute a legal opinion as to the nature of action, the amount of damages, the answer date, or any information contained in the documents themselves. Recipient is responsible for interpreting said documents and for taking appropriate action. Signatures on certified mail receipts confirm receipt of package only, not contents.



7010 2780 0000 5263 3606

CERTIFIED MAIL

CACH, LLC
c/o The Corporation Company,
1675 Broadway, Suite 1200,
Denver, Colorado 80202



UNITED STATES POSTAL SERVICE

1000  80202

U.S. POSTAGE
PAID
WASHINGTON, DC 20007
MAR 04, 14
AMOUNT
$8.87
00015415-07



# SUPERIOR COURT OF THE DISTRICT OF COLUMBIA
## CIVIL DIVISION

TAWANDA JONES
Vs.                                                                C.A. No.      2014 CA 001232 B
LAW OFFICE OF DAVID SEAN DUFEK et al

### INITIAL ORDER AND ADDENDUM

Pursuant to D.C. Code § 11-906 and District of Columbia Superior Court Rule of Civil Procedure ("SCR Civ") 40-I, it is hereby **ORDERED** as follows:

(1) Effective this date, this case has assigned to the individual calendar designated below. All future filings in this case shall bear the calendar number and the judge's name beneath the case number in the caption. On filing any motion or paper related thereto, one copy (for the judge) must be delivered to the Clerk along with the original.

(2) Within 60 days of the filing of the complaint, plaintiff must file proof of serving on each defendant: copies of the Summons, the Complaint, and this Initial Order. As to any defendant for whom such proof of service has not been filed, the Complaint will be dismissed without prejudice for want of prosecution unless the time for serving the defendant has been extended as provided in SCR Civ 4(m).

(3) Within 20 days of service as described above, except as otherwise noted in SCR Civ 12, each defendant must respond to the Complaint by filing an Answer or other responsive pleading. As to the defendant who has failed to respond, a default and judgment will be entered unless the time to respond has been extended as provided in SCR Civ 55(a).

(4) At the time and place noted below, all counsel and unrepresented parties shall appear before the assigned judge at an Initial Scheduling and Settlement Conference to discuss the possibilities of settlement and to establish a schedule for the completion of all proceedings, including, normally, either mediation, case evaluation, or arbitration. Counsel shall discuss with their clients **prior** to the conference whether the clients are agreeable to binding or non-binding arbitration. **This order is the only notice that parties and counsel will receive concerning this Conference.**

(5) Upon advice that the date noted below is inconvenient for any party or counsel, the Quality Review Branch (202) 879-1750 may continue the Conference **once**, with the consent of all parties, to either of the two succeeding Fridays. Request must be made not less than six business days before the scheduling conference date. No other continuance of the conference will be granted except upon motion for good cause shown.

(6) Parties are responsible for obtaining and complying with all requirements of the General Order for Civil cases, each Judge's Supplement to the General Order and the General Mediation Order. Copies of these orders are available in the Courtroom and on the Court's website http://www.dccourts.gov/.

Chief Judge Lee F. Satterfield

Case Assigned to: Judge JOHN M MOTT
Date: February 28, 2014
Initial Conference: 10:00 am, Friday, June 06, 2014
Location: Courtroom 221
500 Indiana Avenue N.W.
WASHINGTON, DC  20001

Caio.doc

## ADDENDUM TO INITIAL ORDER AFFECTING
## ALL MEDICAL MALPRACTICE CASES

In accordance with the Medical Malpractice Proceedings Act of 2006, D.C. Code § 16-2801, et seq. (2007 Winter Supp.), "[a]fter an action is filed in the court against a healthcare provider alleging medical malpractice, the court shall require the parties to enter into mediation, without discovery or, if all parties agree[,] with only limited discovery that will not interfere with the completion of mediation within 30 days of the Initial Scheduling and Settlement Conference ("ISSC"), prior to any further litigation in an effort to reach a settlement agreement. The early mediation schedule shall be included in the Scheduling Order following the ISSC. Unless all parties agree, the stay of discovery shall not be more than 30 days after the ISSC." D.C. Code § 16-2821.

To ensure compliance with this legislation, on or before the date of the ISSC, the Court will notify all attorneys and *pro se* parties of the date and time of the early mediation session and the name of the assigned mediator. Information about the early mediation date also is available over the internet at https://www:dccourts.gov/pa/. To facilitate this process, all counsel and *pro se* parties in every medical malpractice case are required to confer, jointly complete and sign an EARLY MEDIATION FORM, which must be filed no later than ten (10) calendar days prior to the ISSC. Two separate Early Mediation Forms are available. Both forms may be obtained at www.dccourts.gov/medmalmediation. One form is to be used for early mediation with a mediator from the multi-door medical malpractice mediator roster; the second form is to be used for early mediation with a private mediator. Both forms also are available in the Multi-Door Dispute Resolution Office, Suite 2900, 410 E Street, N.W. Plaintiff's counsel is responsible for eFiling the form and is required to e-mail a courtesy copy to earlymedmal@dcsc.gov. *Pro se* Plaintiffs who elect not to eFile may file by hand in the Multi-Door Dispute Resolution Office.

A roster of medical malpractice mediators available through the Court's Multi-Door Dispute Resolution Division, with biographical information about each mediator, can be found at www.dccourts.gov/medmalmediation/mediatorprofiles. All individuals on the roster are judges or lawyers with at least 10 years of significant experience in medical malpractice litigation. D.C. Code § 16-2823(a). If the parties cannot agree on a mediator, the Court will appoint one. D.C. Code § 16-2823(b).

The following persons are required by statute to attend personally the Early Mediation Conference: (1) all parties; (2) for parties that are not individuals, a representative with settlement authority; (3) in cases involving an insurance company, a representative of the company with settlement authority; and (4) attorneys representing each party with primary responsibility for the case. D.C. Code § 16-2824.

No later than ten (10) days after the early mediation session has terminated, Plaintiff must eFile with the Court a report prepared by the mediator, including a private mediator, regarding: (1) attendance; (2) whether a settlement was reached; or, (3) if a settlement was not reached, any agreements to narrow the scope of the dispute, limit discovery, facilitate future settlement, hold another mediation session, or otherwise reduce the cost and time of trial preparation. D.C. Code § 16-2826. Any Plaintiff who is *pro se* may elect to file the report by hand with the Civil Clerk's Office. The forms to be used for early mediation reports are available at www.dccourts.gov/medmalmediation.

Chief Judge Lee F. Satterfield

Caio.doc



**Superior Court of the District of Columbia**
**CIVIL DIVISION**
500 Indiana Avenue, N.W., Suite 5000
Washington, D.C. 20001 Telephone: (202) 879-1133

TAWANDA JONES
P.O. Box 3300
Washington, DC 20010

CACH, LLC
Registered Agent:
The Corporation Company,
1675 Broadway, Suite 1200,
Denver, Colorado 80202

Plaintiff

vs.

Defendant

Case Number  14 - 0 0 0 1 2 3 2

## SUMMONS

To the above named Defendant:

    You are hereby summoned and required to serve an Answer to the attached Complaint, either personally or through an attorney, within twenty (20) days after service of this summons upon you, exclusive of the day of service. If you are being sued as an officer or agency of the United States Government or the District of Columbia Government, you have sixty (60) days after service of this summons to serve your Answer. A copy of the Answer must be mailed to the attorney for the party plaintiff who is suing you. The attorney's name and address appear below. If plaintiff has no attorney, a copy of the Answer must be mailed to the plaintiff at the address stated on this Summons.

    You are also required to file the original Answer with the Court in Suite 5000 at 500 Indiana Avenue, N.W., between 8:30 a.m. and 5:00 p.m., Mondays through Fridays or between 9:00 a.m. and 12:00 noon on Saturdays. You may file the original Answer with the Court either before you serve a copy of the Answer on the plaintiff or within five (5) days after you have served the plaintiff. If you fail to file an Answer, judgment by default may be entered against you for the relief demanded in the complaint.

Radi Dennis, Consumer Justice ESQ
Name of Plaintiff's Attorney

P.O. Box 57417
Address
Washington, DC 20037
(202) 579-1243
Telephone

Clerk of the Court

By Atruna R Redmond
Deputy Clerk

Date FEB 28 2014

如需翻译,请打电话 (202) 879-4828    Veuillez appeler au (202) 879-4828 pour une traduction    Để có một bài dịch, hãy gọi (202) 879-4828
번역을 원하시면, (202) 879-4828 로 전화주십시요    የአማርኛ ትርጉም ለማግኘት (202) 879-4828 ይደውሉ

    IMPORTANT: IF YOU FAIL TO FILE AN ANSWER WITHIN THE TIME STATED ABOVE, OR IF, AFTER YOU ANSWER, YOU FAIL TO APPEAR AT ANY TIME THE COURT NOTIFIES YOU TO DO SO, A JUDGMENT BY DEFAULT MAY BE ENTERED AGAINST YOU FOR THE MONEY DAMAGES OR OTHER RELIEF DEMANDED IN THE COMPLAINT. IF THIS OCCURS, YOUR WAGES MAY BE ATTACHED OR WITHHELD OR PERSONAL PROPERTY OR REAL ESTATE YOU OWN MAY BE TAKEN AND SOLD TO PAY THE JUDGMENT. IF YOU INTEND TO OPPOSE THIS ACTION, *DO NOT FAIL TO ANSWER WITHIN THE REQUIRED TIME.*

    If you wish to talk to a lawyer and feel that you cannot afford to pay a fee to a lawyer, promptly contact one of the offices of the Legal Aid Society (202-628-1161) or the Neighborhood Legal Services (202-279-5100) for help or come to Suite 5000 at 500 Indiana Avenue, N.W., for more information concerning places where you may ask for such help.

See reverse side for Spanish translation
Vea al dorso la traducción al español

FORM SUMMONS - Jan. 2011                CASUM.doc



**TRIBUNAL SUPERIOR DEL DISTRITO DE COLUMBIA**
DIVISIÓN CIVIL
500 Indiana Avenue, N.W., Suite 5000
Washington, D.C. 20001 Teléfono: (202) 879-1133

_____
Demandante
contra

Número de Caso: _____

_____
Demandado

## CITATORIO

Al susodicho Demandado:

Por la presente se le cita a comparecer y se le require entregar una Contestación a la Demanda adjunta, sea en persona o por medio de un abogado, en el plazo de veinte (20) días contados después que usted haya recibido este citatorio, excluyendo el día mismo de la entrega del citatorio. Si usted está siendo demandado en calidad de oficial o agente del Gobierno de los Estados Unidos de Norteamérica o del Gobierno del Distrito de Columbia, tiene usted sesenta (60) días contados después que usted haya recibido este citatorio, para entregar su Contestación. Tiene que enviarle por correo una copia de su Contestación al abogado de la parte demandante. El nombre y dirección del abogado aparecen al final de este documento. Si el demandado no tiene abogado, tiene que enviarle al demandante una copia de la Contestación por correo a la dirección que aparece en este Citatorio.

A usted también se le require presentar la Contestación original al Tribunal en la Oficina 5000, sito en 500 Indiana Avenue, N.W., entre las 8:30 a.m. y 5:00 p.m., de lunes a viernes o entre las 9:00 a.m. y las 12:00 del mediodía los sábados. Usted puede presentar la Contestación original ante el Juez ya sea antes que Usted le entregue al demandante una copia de la Contestación o en el plazo de cinco (5) días de haberle hecho la entrega al demandante. Si usted incumple con presentar una Contestación, podría dictarse un fallo en rebeldía contra usted para que se haga efectivo el desagravio que se busca en la demanda.

*SECRETARIO DEL TRIBUNAL*

_____
Nombre del abogado del Demandante

Por: _____
Subsecretario

_____
Dirección

_____

Fecha _____

Teléfono
如需翻译,请打电话 (202) 879-4828      Veuillez appeler au (202) 879-4828 pour une traduction      Để có một bài dịch, hãy gọi (202) 879-4828
번역을 원하시면, (202) 879-4828 로 전화주십시요      የአማርኛ ትርጉም ለማግኘት (202) 879-4828 ይደውሉ

IMPORTANTE: SI USTED INCUMPLE CON PRESENTAR UNA CONTESTACIÓN EN EL PLAZO ANTES MENCIONADO, O SI LUEGO DE CONTESTAR, USTED NO COMPARECE CUANDO LE AVISE EL JUZGADO, PODRÍA DICTARSE UN FALLO EN REBELDÍA CONTRA USTED PARA QUE SE LE COBRE LOS DAÑOS Y PERJUICIOS U OTRO DESAGRAVIO QUE SE BUSQUE EN LA DEMANDA. SI ESTO OCURRE, PODRÍAN RETENERLE SUS INGRESOS, O PODRÍAN TOMAR SUS BIENES PERSONALES O RAÍCES Y VENDERLOS PARA PAGAR EL FALLO. SI USTED PRETENDE OPONERSE A ESTA ACCIÓN, *NO DEJE DE CONTESTAR LA DEMANDA DENTRO DEL PLAZO EXIGIDO.*

Si desea converser con un abogado y le parece que no puede afrontar el costo de uno, llame pronto a una de nuestras oficinas del Legal Aid Society (202-628-1161) o el Neighborhood Legal Services (202-279-5100) para pedir ayuda o venga a la Oficina 5000 del 500 Indiana Avenue, N.W., para informarse de otros lugares donde puede pedir ayuda al respecto.

Vea al dorso el original en inglés
See reverse side for English original

CASUM.doc

## DISTRICT OF COLUMBIA

## IN THE SUPERIOR COURT FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| TAWANDA JONES,<br>P.O. Box 3300<br>Washington, DC 20010<br><br>Plaintiff,<br><br>v.<br><br>LAW OFFICE OF DAVID SEAN DUFEK<br>2655 Camino Del Rio North, Suite 110<br>San Diego, CA 92108;<br><br>CACH, LLC.<br>4340 S. Monaco, 2nd Floor<br>Denver, Colorado 80237<br><br>Defendants, | 14 - 0001232<br><br>Civil Action No._____<br>Docket No.<br><br>RECEIVED<br>Civil Clerk's Office<br>FEB 28 2014<br>Superior Court of the<br>District of Columbia<br>Washington, D.C. |

### COMPLAINT AND DEMAND FOR JURY TRIAL

### *I. INTRODUCTION & BACKGROUND*

1.  This action is brought by Plaintiff Tawanda Jones on behalf of herself and others similarly situated against Defendants the Law Office of David Sean Dufek and CACH, LLC for violations of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 *et seq.* (hereinafter "FDCPA"), the District of Columbia Debt Collection law, DC Code: § 28-3814 *et seq.* (hereinafter "DCDCL"), and the District of Columbia Consumer Protections Procedures Act, DC Code: § 28-3901 *et seq* (hereinafter "DCCPPA") which prohibits debt collectors from engaging in abusive, deceptive, and unfair practices.

2.  In 1977 Congress enacted the FDCPA in response to "abundant evidence of the use of abusive, deceptive, and unfair debt collection practices by many debt collectors." 15 U.S.C. §

1

1692(a) Congressional concern at the time was that "[a]busive debt collection practices contribute to the number of personal bankruptcies, to material instability, to the loss of jobs, and to invasions of individual privacy." Id.  The purpose of the FDCPA according to Congress is to eliminate abusive debt collection practices and to "insure that those debt collectors who refrain from using abusive debt collection practices are not competitively disadvantaged." Id. § 1692(e). Congress gave consumers a private right of action after making the determination that consumer protection laws on the books at the time were deficient. *id*. § 1692(b), § 1692k.

## II. JURISDICTION

3. Jurisdiction is vested in this Court pursuant to D.C. Code § 11-921 (1981 ed., as amended). Jurisdiction is proper in that Defendants transact business in this judicial district on a regular basis. Additionally, Defendants sent communications to Plaintiff in this judicial district.

4. Venue is proper insofar as the acts and/or omissions giving rise to the Plaintiffs' claims occurred in this judicial district and because there is personal jurisdiction in this district over the Defendants as it regularly conducts business in this judicial district.

5. Furthermore, Defendants' violations of the FDCPA, the DCDCL and the DCCPPA resulted in statutory harms to a resident of this judicial district at all times relevant.

## III. PARTIES

6. Plaintiff, Plaintiff, is a natural person residing in the District of Columbia.

7. Plaintiff is a "consumer" as defined by 15 U.S.C. § 1692a(3)

8. Upon information and belief, Defendant, the Law Office of David Sean Dufek (hereinafter "Defendants") is a California company engaged in the business of collecting debts in the District of Columbia. Defendant has its principal place of business at 265 Camino Del Rio

North, Suite 110, San Diego, CA 92108. The principal purpose of Defendants is the collection of debts and Defendants regularly attempt to collect debts alleged to be due another.

9. Defendant David Sean Dufek is the managing member and named partner in charge of the Law Office of David Sean Dufek. For the reasons articulated herein, David Sean Dufek is responsible for the FDCPA, DCDCL and DCCPPA violations committed by the debt collection law firm he manages or managed.

10. Defendants CACH, LLC is a limited liability company organized under Colorado law with its principal place of business at 4340 S. Monaco, 2nd Floor, Denver Colorado 80237. It does business in the District of Columbia. Its registered agent in Colorado is The Corporation Company, 1675 Broadway, Suite 1200, Denver, Colorado 80202.

11. Defendants engage in the collection of alleged debts from consumers using the mail and telephone as defined by the FDCPA, 15 U.S.C. § 1692a(6) and the DC Code: § 28-3814(b)(2).

12. Defendants regularly attempt to collect consumer debts alleged to be due to another and are "debt collectors" as defined by the FDCPA, 15 U.S.C. § 1692a(6) and DC Code: § 28-3814(b)(3).

### IV. FEDERAL AND DISTRICT OF COLUMBIA DEBT COLLECTION LAWS

13. Section 1692e of the Fair Debt Collection Practices Act states:

A debt collector may not use any false, deceptive or misleading representation or means in connection with the collection of any debt. Without limiting the general application of the foregoing, the following conduct is a violation of this section:

> (2) The false representation of – (A) the character, amount or legal status of any debt

> (3) The false representation or implication that any individual is an attorney or that a communication is from an attorney.

> (5) The threat to take any action that cannot legally be taken or that is not intended to be taken.

      (10) The use of any false representation or deceptive means to collect or attempt to collect any debt or to obtain any information concerning a consumer

14. Section 1692f of the FDCPA states:

      A debt collector may not use unfair or unconscionable means to collect or attempt to collect a debt.

15. Section 1692j of the FDCPA states the following:

      (a) It is unlawful to design, compile, and furnish any form knowing that such form would be used to create the false belief in a consumer that a person other than the creditor of such consumer is participating in the collection of or in an attempt to collect a debt such consumer allegedly owes such creditor, when in fact such person is not so participating.

16. Section 28-3814 of the District of Columbia Debt Collection law states:

f. No debt collector shall use any fraudulent, deceptive, or misleading representation or means to collect or attempt to collect claims or to obtain information concerning consumers in any of the following ways:

      (5) any false representation or implication of the character, extent, or amount of a claim against a consumer, or of its status in any legal proceeding;

      (8) any representation that an existing obligation of the consumer may be increased by the addition of attorney's fees, investigation fees, service fees, or any other fees or charges when in fact such fees or charges may not legally be added to the existing obligation; and

      (9) any false representation or false impression about the status or true nature of or the services rendered by the debt collector or his business.

17. Section 28-3904 of the District of Columbia Consumer Protection and Procedures Act states:

      It shall be a violation of this chapter, whether or not any consumer is in fact misled, deceived or damaged thereby, for any person to:

      (e) misrepresent as to a material fact which has a tendency to mislead;

      (f) fail to state a material fact if such failure tends to mislead;

## V. *FACTS COMMON TO ALL COUNTS*

18. The FDCPA states in part "[i]t is the purpose of this subchapter to eliminate abusive debt collection practices by debt collectors" and "to insure that those debt collectors who refrain from using abusive debt collection practices are not competitively disadvantaged." 15 U.S.C. §1692(e).

19. At all times pertinent hereto, the Defendants acted by and through themselves and their employees, agents, and servants, who were acting within the scope and course of their employment by and under the direct supervision and control of the Defendants.

20. Defendants sought to collect an alleged obligation involving consumer credit sales from Plaintiff alleged by Defendants to be due to an alleged creditor as defined under 15 U.S.C. §1692a(5) and DC Code: § 28-3814(b)(1).

21. The alleged debt arose from transactions incurred for personal, family, or household purposes and meets the definition of a "debt" under 15 U.S.C. §1692a(5), DC Code: § 28-3901(a)(2) and alleged "obligations" under DC Code: § 28-3814(a).

22. The alleged debt was purchased, assigned or transferred to Defendants for collection, or Defendants were employed by an alleged creditor to collect the alleged debt and are debt collectors as defined under FDCPA, 15 U.S.C. § 1692a(6), DC Code: § 28-3814(b)(3) and is a "person" as defined by DC Code: § 28-3901(a)(1).

23. Defendants attempted to collect the debt and, as such, engaged in "communications" as defined in 15 U.S.C. § 1692a(2).

24. At all times herein alleged, the Defendants acted, aided and abetted, solicited, or otherwise conspired to violate the DCDCL and DCCPPA. To the extent that any of the actions alleged herein were not intended to violate DCDCL, such actions were undertaken in reckless

disregard of Plaintiff's rights under the law.

25.     Defendants chose to engage in deceptive and harassing debt collection practices that violate the FDCPA, the DCCPPA and the DCDCL, to the competitive disadvantage of those debt collectors who choose to abide by the law and refrain from unlawful debt collection practices.

26.     By correspondence on letterhead reading "Law Office of David Sean Dufek Attorney at Law," and dated March 1, 2013, Defendants mailed a collection letter to Plaintiff demanding payment of an alleged debt in the amount of $1,050.59 (hereinafter referred to as "March 1st letter"). A copy of the March 1st letter is attached hereto as <u>Exhibit A</u>.

27.     The March 1st letter stated that the Law Office of David Sean Dufek has been "<u>retained</u> to collect the debt owed by you to CACH, LLC."

28.     In the signature block is the facsimile signature of David Sean Dufek above the line "Attorney David Sean Dufek"

29.     Upon information and belief, DUFEK is not licensed to practice law in the District of Columbia.

30.     After the signature block and at the bottom of the page is the following: "Please be advised that we are acting in our capacity as a debt collector and at this time, no attorney with our law firm has personally reviewed the particular circumstances of your account."

31.     The letter further states that "you are hereby <u>advised</u> (emphasis added): Unless you, the consumer, notify this office within thirty days after receipt of this notice that you dispute the validity of this debt or any portion thereof, the debt will be assumed valid by this office."

32.     The letter then requests the following:

"Please remit your payment to:

David Sean Dufek
2655 Camino Del Rio North, Suite 110

6

San Diego, CA 92108

> If you would like to make payment online, please visit our website: http://lawofficeofdavidseandufek.com"

33. Plaintiff believed that an attorney was involved in the collection of the alleged debt.

34. Plaintiff believed that Defendants could and would take legal action against her in connection with the alleged debt if payment was not made.

## VI. *DEFENDANTS'S POLICES AND PRACTICES*

35. It is the standard policy and practice of Defendants to falsely represent the character, amount or legal status of debt.

36. It is the standard policy and practice of Defendants to falsely represent or imply that DUFEK has the authority bring a legal action in the District of Columbia, when in fact DUFEK does not.

37. It is the standard policy and practice of Defendants to position the "no attorney involvement disclaimer" at the very bottom of the page after the signature block where a consumer is not likely to read or give credibility to due to its placement and the fact that it was not included in the body of the text.

38. It is the standard policy and practice of Defendants to falsely represent or imply that it intends to bring suit in the District of Columbia when in fact Defendants do not so intend.

39. It is the standard policy and practice of Defendants to fail to advise unrepresented consumers such as the Plaintiff that they could take no legal action against them.

40. It is the standard policy and practice of Defendants to falsely represent or imply that an attorney has reviewed the consumer's file when in fact no attorney has done so.

41. It is the standard policy and practice of Defendants to use the authority and credibility

7

created by DUFEK's letterhead and signature to collect debt and/or convey the threat of suit, without any meaningful attorney review of the consumer's account.

42. It is the standard policy and practice of Defendants to include a disclaimer regarding no attorney review at the bottom of the page after the signature block but include as the first line of the body of the letter "[t]his office <u>has been retained</u> to collect the debt owed by you to...."

43. It is the standard policy and practice of Defendants to use DUFEK's position and title as an attorney in order to add a false sense of heightened urgency and intimidation to its collection practices, without any meaningful attorney review of the consumer's account.

### *VII. CLASS ALLEGATIONS*

44. The preceding paragraphs are incorporated by reference as though fully set forth herein.

45. Pursuant to Super. Ct. Civ. R. 23(a), (b)(2) and (b)(3) Plaintiff brings this action on behalf of a class.

46. Plaintiff defines the class as (i) all persons with addresses within the District of Columbia (ii) who were sent one or more letters from Defendants in a form similar or identical to Exhibit A. For purposes of the Claim for Relief, the class period is one year prior to the filing of this Complaint.

47. The class is so numerous that joinder of all members is impractical.

48. On information and belief there are more than 50 persons in the District of Columbia who were sent a letter similar to Exhibit A on or after a date one year prior to the filing of this action.

49. There are questions of law and fact common to the class, which predominate over any questions affecting only individual class members. The principal issues are:

    a. Whether Defendants violated the FDCPA, the DCDCL and the DCCPPA by falsely representing the character, amount or legal status of any debt;

8

b. Whether Defendants violated the FDCPA, the DCDCL and the DCCPPA by falsely representing or implying that they have authority to take legal action in the District of Columbia;

c. Whether Defendants violated the FDCPA, the DCDCL and the DCCPPA by falsely representing or implying that they intended to bring suit in the District of Columbia;

d. Whether Defendants violated the FDCPA, the DCDCL and the DCCPPA by failing to advise unrepresented consumers such as the Plaintiff that they could take no legal action against them;

e. Whether Defendants violated the FDCPA, the DCDCL and the DCCPPA by falsely representing or implying that an attorney has reviewed the consumer's file;

f. Whether Defendants violated the FDCPA, the DCDCL and the DCCPPA by using the authority and credibility created by its letterhead to collect debt and/or convey the threat of suit, without any meaningful attorney review of the consumer's account;

g. Whether Defendants violated the FDCPA, the DCDCL and the DCCPPA by using its position and title as attorneys in order to add a false sense of heightened urgency and intimidation to its collection practices, without any meaningful attorney review of the consumer's account; and

50. There are no individual questions, other than whether a class member received one of the offending letters.

51. Plaintiff will fairly and adequately protect the interests of the class.

52. Plaintiff has retained counsel experienced in handling claims involving unlawful collection practices.

53. Plaintiff's claims are typical of the claims of the class, which all arise from the same operative facts and are based on the same legal theories.

54. A class action is a superior method for the fair and efficient adjudication of this controversy. Class wide damages are essential to induce the Defendants to comply with Federal and State law. Individual cases are not economically feasible. The interest of class members in individually controlling the prosecution of separate claims against the Defendants is small. Management of these class claims are likely to present significantly fewer difficulties than those presented in many class claims. Further, the nature of this type of wrong is unlikely to be detected or remedied without a class action.

55. Defendants acted on grounds generally applicable to the class, thereby making appropriate final injunctive relief and corresponding declaratory relief with respect to the class as a whole.

### VIII. CLAIMS FOR RELIEF

*Fair Debt Collection Practices Act, (15 U.S.C. Section 1692 et seq.); District of Columbia Debt Collection Law, (§ 28-3814 et seq.); and the District of Columbia Consumer Protection and Procedures Act (§ 28-3901 et seq.)*

56. The foregoing is incorporated as if fully set forth herein.

57. Defendants violated the FDCPA, the DCDCL and the DCCPPA by failing to advise unrepresented consumers, such as Plaintiff, that they can take no legal action against them. 15 U.S.C. § 1692e (2), (3), (5) and (10) and § 1692f, DC Code § 28-3904 (e) and (f) and DC Code § 28-3814 (5), (8), and (9)

58. Defendants violated the FDCPA, the DCDCL and the DCCPPA by failing to advise the unrepresented consumer of Defendant's intent with respect to its ability to take legal action

against them in the District of Columbia. 15 U.S.C. § 1692e (2), (3), (5) and (10) and § 1692f, DC Code § 28-3904 (e) and (f) and DC Code § 28-3814 (5), (8), and (9)

59. Defendants violated the FDCPA, the DCDCL and the DCCPPA by using its title, status and position as an attorney to make false, deceptive or confusing statements or forms to consumers. 15 U.S.C. § 1692e (2), (3), (5) and (10), § 1692f and §1692j, DC Code § 28-3904 (e) and (f) and DC Code § 28-3814 (5), (8), and (9)

60. Defendants violated the FDCPA, the DCDCL and the DCCPPA by falsely implying or representing that an attorney has reviewed or plans to review, the consumer's account. 15 U.S.C. § 1692e (2), (3), (5) and (10) and § 1692f, DC Code § 28-3904 (e) and (f) and DC Code § 28-3814 (5), (8), and (9)

61. Defendants violated the FDCPA, the DCDCL and the DCCPPA by using the authority and credibility created by its letterhead to collect debts and/or convey the threat of litigation, without any meaningful review of the consumer's account. 15 U.S.C. §1692d, §1692e(3), e(5) and e(10), §1692f. 15 U.S.C. § 1692e, (2), (3), (5) and (10) and § 1692f, DC Code § 28-3904 (e) and (f) and DC Code § 28-3814 (5), (8), and (9)

62. Defendants violated the FDCPA, the DCDCL and the DCCPPA by using its position and title as an attorney in order to create a false sense of heightened urgency and intimidation to its collection practices, without any meaningful review of the consumer's account. 15 U.S.C. § 1692e (2), (3), (5) and (10) and § 1692f, DC Code § 28-3904 (e) and (f) and DC Code § 28-3814 (5), (8), and (9)

## IX. REQUEST FOR RELIEF

WHEREFORE, Plaintiff respectfully requests that his Honorable Court enter judgment for

11

Plaintiff and against Defendants and issue an order

A. Declaratory judgment that Defendants' conduct violated the FDCPA, DCDCL and DCCPPA ; and

B. Actual damages; DC Code: § 1692k and § 28-3814(j)(1); and

C. The maximum statutory damages pursuant to 15 U.S.C. § 1692k and DC Code: § 28-3814(j)(1); and

D. Treble damages, or $1,500 per violation, whichever is greater; DC Code: § 28-3905k(1)A; and

E. Punitive Damages against the Defendants for their willful violations as is found appropriate pursuant to DC Code: § 28-3814(j)(2) and DC Code: § 28-3905k(1)C; and

F. Costs and reasonable attorney fees pursuant to 15 U.S.C. §§ 1692k, DC Code: § 28-3813(2)(e) and DC Code: § 28-3905k(1)B ; and

G. For such other and further relief as the Court may deem just and proper.

## *DEMAND FOR JURY TRIAL*

Plaintiffs request a jury trial on all appropriate claims set forth above.

Respectfully submitted,

By: TAWANDA JONES

_____
Radi Dennis
Counsel for the Plaintiff, DC Bar#473921
CONSUMER JUSTICE ESQ
P.O. Box 57417
Washington, DC 20037
rdennis@consumerjusticeesq.com
Telephone: (202) 579-1243
Facsimile: (202) 644-5228

# EXHIBIT A

# Law Office of David Sean Dufek

Attorney at Law
2655 Camino Del Rio North Suite 110, San Diego, CA 92108

David Sean Dufek

Telephone: 866-367-0383
Fax: 619 299-1951

03/01/13

TAWANDA JONES
PO Box 3300
Washington, DC 20010

Creditor:          CACH, LLC
Original Creditor: Bank of America, N.A.
Account:
Current Balance:   $1,050.29

Dear TAWANDA JONES,

This office has been retained to collect the debt owed by you to CACH, LLC.

As of the date of this letter you owe the sum of $1,050.29. Because of interest, late charges and other charges that may vary from day to day the amount due on the day you pay may be greater.
You are hereby advised: Unless you, the consumer, notify this office within thirty days after receipt of this notice that you dispute the validity of this debt or any portion thereof, the debt will be assumed to be valid by this office. If you, the consumer, notify this office in writing within thirty days after receipt of this notice, that the debt or any portion thereof is disputed, this office will obtain verification of the debt or a copy of a judgment against you and a copy of such verification or judgment will be mailed to you by this office. Upon your written request within thirty days after receipt of this notice this office will provide you with the name and address of the original creditor, if different from the current creditor.

Please remit your payment to:   David Sean Dufek
                                2655 Camino Del Rio North, Suite 110
                                San Diego, CA 92108

If you would like to make a payment online, please visit our website: http://lawofficeofdavidseandufek.com
Please call our office. The toll free number is 866-367-0383.

Sincerely,

*[signature]*

Attorney David Sean Dufek

Please be advised that we are acting in our capacity as a debt collector and at this time, no attorney with our law firm has personally reviewed the particular circumstances of your account.
Be advised this is an attempt to collect a debt. Any information obtained will be used for that purpose.