## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| **TAWANDA JONES,** | ) | |
| | ) | |
| **Plaintiff** | ) | |
| | ) | |
| **v.** | ) | **Civil Action No. 14-533** |
| | ) | |
| **LAW OFFICE OF DAVID SEAN DUFEK** | ) | |
| | ) | |
| **and** | ) | |
| | ) | |
| **CACH, LLC,** | ) | |
| | ) | |
| **Defendants** | ) | |

## DEFENDANT CACH, LLC'S MOTION TO DISMISS ON THE PLEADINGS PURSUANT TO RULE 12(c)

COMES NOW Defendant, CACH, LLC ("CACH"), by counsel, as more fully set forth in the Memorandum of Law in Support of its Motion to Dismiss on the Pleadings Pursuant to Rule 12(c) of the Federal Rules of Civil Procedure.

Plaintiff filed this action based upon allegations that the collection letter to Plaintiff violated the FDCPA, the DCDCL, and the DCCPPA.  Defendant CACH respectfully requests this Court to enter its proposed order granting Defendant's Motion for Judgment on the Pleadings pursuant to Rule 12(c) because, as a matter of law, the letter does not violate the statutes at issue.  The collection letter at issue is attached as Exhibit 1.

WHEREFORE, Defendant CACH, LLC respectfully asks the Court to grant the instant Motion to Dismiss on the Pleadings Pursuant to Rule 12(c), and for such further relief as the Court deems fair and just.

Dated: June 27, 2014                    Respectfully submitted,

                                        PERRY CHARNOFF PLLC


                                            /s/ Mikhael D. Charnoff
                                        Mikhael D. Charnoff (#476583)
                                        Scott M. Perry (#459841)
                                        2300 Wilson Boulevard, Suite 240
                                        Arlington, VA 22201
                                        P:  703-291-6650
                                        F:  703- 563-6692
                                        scott@perrycharnoff.com
                                        mike@perrycharnoff.com
                                        *Counsel for Defendant CACH, LLC*


## CERTIFICATE OF SERVICE

I hereby certify that on June 27, 2014, I caused a copy of the foregoing to be served

electronically and by mail upon:

Radi Dennis
CONSUMER JUSTICE ESQ
P.O. Box 57417
Washington, DC 20037

Law Office of David Sean Dufek
4295 Gesner Street #3-C2
San Diego, CA 92117


                                        PERRY CHARNOFF PLLC


                                            /s/ Mikhael D. Charnoff
                                        Mikhael D. Charnoff (#476583)
                                        Scott M. Perry (#459841)
                                        2300 Wilson Boulevard, Suite 240
                                        Arlington, VA 22201
                                        P:  703-291-6650
                                        F:  703- 563-6692
                                        scott@perrycharnoff.com
                                        mike@perrycharnoff.com
                                        *Counsel for Defendant CACH, LLC*

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

| | | |
|---|---|---|
| **TAWANDA JONES,** | ) | |
| | ) | |
| **Plaintiff** | ) | |
| | ) | |
| **v.** | ) | **Civil Action No. 14-533** |
| | ) | |
| **LAW OFFICE OF DAVID SEAN DUFEK** | ) | |
| | ) | |
| **and** | ) | |
| | ) | |
| **CACH, LLC,** | ) | |
| | ) | |
| **Defendants** | ) | |

<u>**MEMORANDUM OF LAW IN SUPPORT OF DEFENDANT CACH, LLC'S**</u>
<u>**MOTION TO DISMISS ON THE PLEADINGS PURSUANT TO RULE 12(c)**</u>

COMES NOW Defendant, CACH, LLC ("CACH"), by counsel, and states as follows in support of its Motion to Dismiss on the Pleadings Pursuant to Rule 12(c) of the Federal Rules of Civil Procedure.

**I.       INTRODUCTION**

Plaintiff Tawanda Jones filed this purported class action against CACH and the Law Office of David Sean Dufek ("Dufek") asserting a handful of alleged wrongs arising from the attempted collection of a debt that Plaintiff owes to CACH.  Plaintiff claims that Defendant Dufek violated the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 *et seq.* ("FDCPA") and two statutes of the District of Columbia, allegedly resulting in liability for both Defendants: the District of Columbia Debt Collection law, DC Code § 28-3814 et seq. ("DCDCL"), and the District of Columbia Consumer Protections Procedures Act, DC Code § 28-3901 et seq. ("DCCPPA").

CACH hired Dufek, who sent a letter dated March 1, 2013 to Plaintiff demanding payment of her debt to CACH in the amount of $1,050.59. The letter had the facsimile signature block of "Attorney David Sean Dufek." The letter stated that Dufek been "retained to collect the debt owed by you to CACH, LLC." See Complaint ¶¶ 26 and 27. The demand letter contained certain warnings and disclaimers that have been expressly approved by various federal courts. See Complaint ¶¶ 30 and 31. Plaintiff claims that she "believed that an attorney was involved in the collection of the alleged debt." And that "Plaintiff believed that Defendants could and would take legal action against her in connection with the alleged debt if payment was not made." See Complaint ¶¶ 33 and 34. Moreover, Plaintiff states that Defendants made false suggestions and implications in the collection letter. Id. ¶¶ 36-43.

Much of the rest of the Complaint is a series of legal conclusions about the adequacy of the language of the letter, the placement of various language, and allegedly misleading statements. But ultimately the allegations all arise from this single collection letter. A motion on the pleadings is appropriate because the Court can make a legal determination from the four corners of the March 1, 2013 letter that it complies with federal law and District of Columbia law. Here, there can be no question that the collection letter is compliant with the FDCPA and the two District of Columbia statutes.

## II.   RELIEF REQUESTED

Plaintiff filed this action based upon allegations that the collection letter to Plaintiff violated the FDCPA, the DCDCL, and the DCCPPA. Defendant CACH respectfully requests this Court to enter its proposed order granting Defendant's Motion for Judgment on the

4

Pleadings pursuant to Rule 12(c) because, as a matter of law, the letter does not violate the statutes at issue.

Judgment for Defendants is warranted here based on the language contained in the collection letter, clear case law analyzing such language, and the simple application of this body of law.  In summary:

1)      The collection letter did not falsely represent the character, amount, or legal status of any debt;

2)      The collection letter did not falsely represent or imply that someone was an attorney who was not, or that the communication was from an attorney when it was not;

3)      The collection letter did not threaten to take any action that cannot legally be taken or that is not intended to be taken;

4)      The collection letter did not use any false representation or deceptive means to collect or attempt to collect any debt or to obtain any information concerning a consumer;

5)      The collection letter was not an unfair or unconscionable means to collect or attempt to collect a debt;

6)      The collection letter is not a form created knowing that such form would be used to create false beliefs in consumers;

7)      The collection letter did not make any false representation that an existing obligation    of the consumer may be increased be fees when such fees may not be legally added to the existing obligation;

8)      The collection letter did not make any false representation about the status or nature of the services rendered by the debt collector;

9)    The collection letter did not otherwise make any false representation of material fact which has a tendency to deceive;

10)    The collection letter did not fail to state a material fact where such failure tends to mislead.

Defendant moves for judgment on the pleadings pursuant to Federal Rule of Civil Procedure 12(c) because even if Plaintiff's factual allegations are assumed to be as true, Plaintiff fails to state a claim for which relief may be granted under the FDCPA, the DCDCL, and the DCCPPA.

## III.    STANDARD OF REVIEW

Rule 12(c) allows a party to move for judgment on the pleadings.  Here, both Defendants have filed timely Answers, and the parties are at issue.

Generally the Court reviews motions for judgment on the pleadings under Rule 12(c) in a manner similar to motions for summary judgment. See generally Des Longchamps v. Allstate Prop. & Cas. Ins. Co., 2014 U.S. Dist. LEXIS 53850 (D.D.C. Apr. 18, 2014).  See also Barimany v. Urban Pace LLC, 73 A.3d 964, 966 (D.C. 2013) (citations omitted) (treating a Rule 12(c) motion like a Rule 12(b)(6) motion to dismiss).

Specifically, "The question of whether a collection letter or notice violates the provisions of the FDCPA is a question of law to be determined by the Court." Bodine v. First Nat'l Collection Bureau, Inc., 2010 U.S. Dist. LEXIS 131352 * 8 (D.N.J. Dec. 13, 2010).  There simply are no material facts beyond the language employed by the collection letter at issue here.  That makes this case especially appropriate for disposal through Rule 12(c), as no amount of discovery will change what the language in the letter at issue.

Plaintiff has sued upon a single letter, nowhere alleges that Plaintiff received other kinds of letters, and indeed only alleges that other letters are like the one she received.

Defendant readily acknowledges that some courts are required to view attempts to collect debts from the perspective of the least sophisticated consumer.

> "The Third Circuit therefore has noted that although the 'least sophisticated debtor' standard is a low standard, it 'prevents liability for bizarre or idiosyncratic interpretations of collection notices by preserving a quotient of reasonableness and presuming a basic level of understanding and willingness to read with care.'"

Lesher v. Law Offices of Mitchell N. Kay, P.C., 650 F.3d 993, 997 (3rd Cir. 2011) (quoting Wilson v. Quadramed Corp., 225 F.3d 350, 354–55 (3d Cir. 2000)).  However, "[e]ven the least sophisticated debtor is bound to read collection notices in their entirety." Campuzano–Burgos v. Midland Credit Mgmt., 550 F.3d 294, 299 (3d Cir. 2008) (citations omitted).  Even using the perspective of the least sophisticated consumer, the collection letter at issue here simply does not violate any statutory provision.

IV.    ARGUMENT

A.    The one-page collection letter does not misrepresent the ability to take legal action.

Paragraph 57 of the Complaint asserts that Defendants violated all three statutes by "failing to advise unrepresented consumers, such as Plaintiff, that they can take no legal action against them."  This argument fails because the letter does not make a threat to take legal action, such that the letter simply cannot misrepresent Defendant's ability or intention to take any legal action.

This fundamental logic has been articulated in case law.  "Naturally, when analyzing an alleged violation of this section, it must first be determined whether the defendant actually threatened to take action."  Nichols v. Frederick J. Hanna & Assocs., PC, 760 F.

Supp. 2d 275, 279 (N.D.N.Y 2011) (analyzing claim based upon 15 U.S.C. § 1692e(5)). Furthermore, "A letter that merely advises that the creditor has various options to pursue if the debtor fails to make payment does not constitute a threat." Id. at 280 (citing Ellis v. Cohen & Slamowitz, LLP, 701 F.Supp.2d 215, 221 (N.D.N.Y.2010)). "The language of the communication, as a whole, must leave the unsophisticated reader with the impression that '*some* type of legal action has already been or is about to be initiated and can be averted from running its course only by payment.'" Id. at 279 (citation omitted). Here, the collection letter does not even state that the creditor is considering any options or remedies. The letter makes no threat of "suit, "action," or even "further action."

### B.      The one-page collection letter does not misrepresent the ability to take legal action in the District of Columbia.

Paragraph 58 of the Complaint insists that Defendants violated all three statutes by "failing to advise the unrepresented consumer of Defendant's intent with respect to its ability to take legal action against them in the District of Columbia." However, there is no statutory duty for either Dufek or CACH to state whether suit was intended. The duty was not to threaten suit when suit was not contemplated. Defendants did not violate that duty as no threat of suit was made.

Plaintiff also maintains that this communication was misleading in that it suggested Dufek had the ability to take legal action against her in the District of Columbia when no attorney in the firm was licensed to practice law in the District of Columbia. This claim is baseless.

First, this argument fails because the letter does not make a threat to take legal action. The letter simply cannot misrepresent Defendant's ability or intention to take any legal action when it contains no reference to or threat of such action.

8

Second, Dufek did not falsely represent their status as an attorney and law firm, the subject collection letter does not misrepresent Dufek as being licensed in the District of Columbia, and it makes no representations as to licensure.  Indeed, the letterhead clearly included an office address in California, not the District of Columbia.

Not only does this claim make little sense, but there is simply no authority for Plaintiff's notion that it is a violation of the FDCPA for an attorney to mail a collection letter to a debtor in a state where the attorney is not licensed to practice law.  See Nichols 760 F.Supp.2d at 279-280.  Existing authority is to the contrary.[1]  Indeed, such an argument was rejected as frivolous in Sturdevant v. Thomas E. Jolas, PC, 942 F.Supp. 426, 430 (W.D.Wis. 1996).

---

[1]     The Court in Nichols went on observe:

> While the D.C. Circuit has not addressed this exact issue, several district courts have considered similar arguments.  In a case where a Maryland law firm sent a dunning letter to a New Jersey consumer, the District Court of New Jersey granted the defendant's motion to dismiss and held that § 1692e(3) does not "limit the definition of 'attorney' based on the state of licensure and state of practice."  Cohen v. Wolpoff & Abramson, LLP, No. 08-1084, 2008 U.S. Dist. LEXIS 77052, 2008 WL 4513569, at *7 (D.N.J. Oct. 2, 2008).  The Cohen court further noted that "not even the least sophisticated debtor could be deceived when a communication which states that it is from an attorney is, in fact, from an attorney." Id.

> Similarly, the District Court of Colorado found that there was no violation of § 1692e(3) when the entity that created and mailed the dunning letter was, in fact, an attorney.  Kelly v. Wolpoff & Abramson, LLP, 634 F. Supp. 2d 1202, 1212 (D. Colo. 2008).  The District Court of Delaware held that a defendant who mailed plaintiff a debt collection letter did not violate § 1692e(3) because he was an attorney licensed to practice law in California.  Anthes v. Transworld Sys., Inc., 765 F. Supp. 162, 166 (D. Del. 1991).

> There is thus no support for plaintiff's assertion that defendant, an entity comprised of licensed attorneys, misrepresented itself as an attorney within the meaning of § 1692e(3).  Accordingly, defendant's motion to dismiss this claim will be granted.

If this statement were true, every collection letter from an attorney would be subject to a FDCPA action in order to determine whether the attorney actually intended to take legal action at the time the initial validation notice was sent. Clearly this was not the intent of Congress when it enacted the FDCPA. While the FDCPA was intended to protect consumers from unscrupulous debt collection practices, it was also intended to avoid imposing unnecessary restrictions on ethical debt collectors.

**C.    The one-page collection letter does not use Dufek's title, status, or position as an attorney to make any false or confusing claims.**

Paragraph 59 of the Complaint asserts that Defendants violated all three statutes as a result of Dufek allegedly "using its title, status and position as an attorney to make false, deceptive or confusing statements or form to consumers."  However, the collection letter at issue includes the following:  "Please be advised that we are acting in our capacity as a debt collector and at this time no attorney with our firm has personally reviewed the particular circumstances of your account."

Contrary to Plaintiff's suggestion, courts have found collection letter language identical and nearly identical to the subject collection letter properly states and disclaims the level of attorney involvement when reviewed under a least sophisticated consumer standard and does not falsely imply anything about the attorney's involvement.  See Greco v. Trauner, Cohen & Thomas, LLP, 412 F.3d 360, 365 (2d Cir.2005), Eddis v. Midland Funding, LLC, 2012 U.S. Dist. LEXIS 22193 (D.N.J. February 22, 2012), and Nichols 760 F.supp.2d 75, 278 (N.D.N.Y. 2011).

Indeed, the language employed in the instant collection letter is even more innocuous than the following disclaimer found in the Greco case: "At this time, no attorney with this firm has personally reviewed the particular circumstances of your account.  However, if you

fail to contact this office, our client may consider additional remedies to recover the balance due."  412 F.3d 360.

Moreover, in <u>Lesher</u> the collection letters on attorney letterhead contained the disclaimer of attorney involvement on the backside.  <u>Lesher</u>, 650 F.3d at 995.  Here, the disclaimer language is placed on the front and only page of the collection letter, not on the back or on a second page.  The disclaimer is also in the same text and font as the rest of the letter.  Plaintiff cannot be heard to say that the disclaimer of attorney involvement was not right in front of her.

> **D.    The one-page collection letter does not falsely imply or represent that an attorney has reviewed or plans to review the account.**

Paragraph 60 of the Complaint asserts that Defendants violated all three statutes by "falsely implying or representing that an attorney has reviewed or plans to review, the consumer's account."  This is flatly contrary to the very language in the collection letter at issue.

Recall that "[e]ven the least sophisticated debtor is bound to read collection notices in their entirety." <u>Campuzano–Burgos v. Midland Credit Mgmt.</u>, 550 F.3d 294, 299 (3d Cir. 2008).  The collection letter clearly and unambiguously states on the first and only page: "Please be advised that we are acting in our capacity as a debt collector and at this time no attorney with our firm has personally reviewed the particular circumstances of your account."

Once again such disclaimer language as to the level of attorney involvement is more than adequate when reviewed under a least sophisticated consumer standard.  <u>See</u> <u>Greco    v. Trauner, Cohen & Thomas, LLP</u>, 412 F.3d 360, 365 (2d Cir.2005); <u>Eddis v. Midland Funding, LLC</u>, 2012 U.S. Dist. LEXIS 22193 (D.N.J. February 22, 2012); and <u>Nichols</u> 760

11

F.Supp.2d 75, 278 (N.D.N.Y. 2011).  Plaintiff asks this court to find that "at this time no attorney with our law firm has personally reviewed the particular circumstances of your account" actually means the opposite of what it says.  Neither the case law nor the text of the statutes themselves will support such a tortured reading of the clear language of the Dufek letter.

>     E.     **The one-page collection letter does not use the authority and credibility of the letterhead to collect debts or convey the threat of litigation without any meaningful review of the account.**

Paragraph 61 of the Complaint asserts that Defendants violated all three statutes by "using the authority and credibility created by its letterhead to collect debts and/or convey the threat of litigation, without any meaningful review of the consumer's account."

"Several courts have held that a letter written on a law firm's letterhead is insufficient, on its own, to imply that litigation is imminent." Nichols, 760 F.Supp.2d at 279. In Veillard, the Court held that the mere inference that legal action could be taken because the letter is on law firm letterhead is not enough for § 1692e(5) purposes. Veillard v. Mednick, 24 F.Supp.2d 863, 867 (N.D. IL 1998) (summary judgment granted).  Furthermore, in Kapeluschnick, the Court held that the assertion that any collection letter from an attorney is an implied threat of litigation is "overbroad" and "not viable". Kapeluschnick v. LeSchack & Grodensky, 1999 U.S. Dist. LEXIS 22883, * 18 (E.D. N.Y.).

Plaintiff's allegation that the subject collection letter contained an implied threat of legal action merely because it was on firm letterhead is without merit and the claim should be dismissed.

> **F.      The one-page collection letter does not use the title of an attorney to create a false sense of urgency and intimidation to its collection practice without any meaningful review of the account.**

Paragraph 62 of the Complaint asserts that Defendants violated all three statutes by "using its title as an attorney in order to create a false sense of urgency and intimidation to its collection practices, without any meaningful review of the consumer's account."

The collection letter clearly and unambiguously states on the first and only page: "Please be advised that we are acting in our capacity as a debt collector and at this time no attorney with our firm has personally reviewed the particular circumstances of your account." There is no threat of action.  There is no intimidation.  There is no urgency.

The only time period referenced is 30 days from the date of receipt of the letter, and that is part of the disclosures expressly mandated by 15 U.S.C. § 1692g(a).  The first reference simply notes that the office will assume that the debt is valid.  The second reference offers to provide verification of the debt if requested.  The third reference offers to provide the name and address of the original creditor.  All of these items are consistent with and required by the FDCPA.  None run afoul of the FDCPA or either District of Columbia statute either.

> **G.      The District of Columbia Debt Collection law, DC Code: § 28-3814 et seq.  does not apply to this case**

DC Code § 28-3814 states, in pertinent part:

> (a) This section only applies to conduct and practices in connection with collection of obligations arising from consumer credit sales, consumer leases, and direct installment loans (other than a loan directly secured on real estate or a direct motor vehicle installment loan covered by Chapter 36 of Title 28).

> (b) As used in this section, the term –

(1)     "claim" means any obligation or alleged obligation, arising from a consumer credit sale, consumer lease, or direct installment loan;

(1A)     "creditor" means a claimant or other person holding a claim;

(2)     "debt collection" means any action, conduct or practice in connection with the solicitation of claims for collection or in connection with the collection of claims, that are owed or due, or are alleged to be owed or due, a seller or lender by a consumer; and

(3)     "debt collector" means any person engaging directly or indirectly in debt collection, and includes any person who sells or offers to sell forms represented to be a collection system, device, or scheme intended or calculated to be used to collect claims.

Here, the debt that Dufek sought to collect for CACH was a credit card obligation. Thus, Defendants are not "debt collectors" under Section 28-3814, as they did not attempt to collect a "claim." A credit card debt is not a consumer credit sale, consumer lease, or direct installment loan.

### H.     Plaintiff is not a "consumer" under The District of Columbia Consumer Protections Procedures Act, DC Code § 28-3901 et seq.  does not apply to this case

DC Code § 28-3901 states, in pertinent part:

(a) As used in this chapter, the term -

* * *

(2)     "consumer" means:

(A) When used as a noun, a person who, other than for purposes of resale, does or would purchase, lease (as lessee), or receive consumer goods or services, including as a co-obligor or surety, or does or would otherwise provide the economic demand for a trade practice;

Plaintiff does not allege that she purchased or leased any goods or services from Defendants.  In fact, all that Plaintiff really received that is relevant to this case was a loan of money from CACH's predecessor-in-interest.  Money is neither a good nor a service, it

is a medium of exchange, and a loan of money is not a purchase or lease of goods or services.  See e.g. Riverside Nat'l Bank v. Lewis, 603 S.W.2d 169, 174 (Tex. 1980); Berry v. American Express Publishing, Inc., 147 Cal. App. 4th 224, 231-232 (Cal. App. 4th Dist. 2007); Deerman v. Federal Home Loan Mortg. Corp. 955 F.Supp. 1393, 1399 (N.D.Ala. 1997); Haeger v. Johnson, 25 Or.App. 131, 135, 548 P.2d 532 (1976).   Thus, while possibly a consumer for FDCPA purposes, Plaintiff is simply not a consumer for purposes of DC law.

## CONCLUSION

WHEREFORE, Defendant CACH, LLC respectfully asks the Court to grant the instant Motion to Dismiss on the Pleadings Pursuant to Rule 12(c), and for such further relief as the Court deems fair and just.

Dated: June 27, 2014               Respectfully submitted,

PERRY CHARNOFF PLLC

_____ /s/ Mikhael D. Charnoff_____
Mikhael D. Charnoff (#476583)
Scott M. Perry (#459841)
2300 Wilson Boulevard, Suite 240
Arlington, VA 22201
P:  703-291-6650
F:  703- 563-6692
scott@perrycharnoff.com
mike@perrycharnoff.com
*Counsel for Defendant CACH, LLC*

**<u>CERTIFICATE OF SERVICE</u>**

I hereby certify that on June 27, 2014, I caused a copy of the foregoing to be served electronically and by mail upon:

Radi Dennis
CONSUMER JUSTICE ESQ
P.O. Box 57417
Washington, DC 20037

Law Office of David Sean Dufek
4295 Gesner Street #3-C2
San Diego, CA 92117

PERRY CHARNOFF PLLC

/s/ Mikhael D. Charnoff
Mikhael D. Charnoff (#476583)
Scott M. Perry (#459841)
2300 Wilson Boulevard, Suite 240
Arlington, VA 22201
P:  703-291-6650
F:  703- 563-6692
scott@perrycharnoff.com
mike@perrycharnoff.com
*Counsel for Defendant CACH, LLC*