UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| TAWANDA JONES, | ) |
| | ) |
| | ) |
| Plaintiff, | ) Civ. Case. No. 14-00533 (RJL) |
| | ) |
| v. | ) |
| | ) |
| LAW OFFICE OF DAVID SEAN DUFEK; | ) |
| CACH , LLC. | ) |
| | ) |
| Defendants, | ) |
| | ) |

OPPOSITION TO DEFENDANT CACH'S
MOTION TO DISMISS ON THE PLEADINGS PURSUANT TO RULE 12(c)

I.    INTRODUCTION

Plaintiffs, by and through Counsel, hereby submits this Opposition to Defendant CACH, LLC's Motion To Dismiss on the Pleadings Pursuant to Rule12(c). Defendant filed a Motion for Judgment on the Pleadings pursuant to Rule 12(c) of the Federal Rules of Civil Procedure (hereinafter "Motion") arguing that no material issues of fact exist and that it is entitled to judgment as a matter of law. Defendant also asserts that its letter to Plaintiffs do not violate the Fair Debt Collection Practices Act [hereinafter "FDCPA"], the District of Columbia Debt Collection Law (hereinafter "DCDCL") or the District of Columbia Consumer Procedures and Practices Act (hereinafter "DCCPPA").  Defendant is wrong on all counts.

Additionally, Defendant's exceptionally narrow construction of Plaintiffs allegations should not be read as a justification for dismissing viable state and federal claims and remedies.

Defendant makes many assumptions of material facts in its Motion that have not been established by the pleadings.  The first glaring question of material fact is the accuracy of each

statement in the letter. A second missing material fact is whether Defendant owns any account attributable to the Plaintiff/s or that the debt claimed in Exhibit A to the Complaint is "her debt" as characterized in its Motion. The pleadings are devoid of any evidence that the alleged account exists or that CACH owns or has any rights to said account. A third missing material fact is whether it is a "predecessor-in-interest" of the alleged accounts. A fourth missing material fact is if it as an alleged "predecessor-in-interest" is legally entitled to collect the amount claimed in the letter or any amount. A fifth missing material fact is whether the representations and warranties in an alleged agreement between it and its alleged predecessor-in-interest specifically disclaim the accuracy of any accounts sold to Defendant. A sixth missing material fact is whether Defendant has a right to sue, collect or has been "assigned" a debt it claims was owed to its "predecessor." A seventh missing material fact is whether there is an agreement between any alleged "predecessor-in-interest" and the Plaintiff. An eighth missing material fact is whether Plaintiff/s owe the alleged amount claimed by Defendant in the letter. A ninth missing material fact is how the amount claimed was determined. A tenth missing material fact is the nature of the business relationship between CACH and the Law Firm of David Sean Dufek (hereinafter "DUFEK"). An eleventh missing material fact is whether Defendant sent the letter to the District of Columbia residents. A twelfth missing material fact that includes all facts related to the various assumptions by Defendant in its Motion concerning the individual or entity (DUFEK/CACH) that created and drafted the letters. All of the foregoing questions are material issues of fact that can only be answered through discovery and trial. Further, CACH's recitation of some of the allegations in the Complaint identified in its Introduction as 1-10 and its conclusory denial without support or legal analysis is insufficient to sustain a Rule12c motion.

Plaintiffs maintain that each allegation in the Complaint was committed by CACH and DUFEK through DUFEK.

Accordingly, Plaintiffs request that the Court deny CACH's Motion, as its letter in the form of Exhibit A to the Complaint violates the FDCPA, the DCDCL and the DCCPPA and there remain many material issues of fact that have not yet been determined and cannot be determined until discovery and trial. To the extent that Defendant attempts to obtain dismissal based upon factual allegations that are not in the record and are considered hearsay under the Federal Rules of Evidence, Plaintiff expressly objects to this, as the parties have not engaged in discovery and many of the facts are within the exclusive control of the Defendant. Additionally, if the court determines that Plaintiffs pleading is in any way deficient to oppose this motion, Plaintiffs request leave to amend the complaint.

Further, though Plaintiffs Opposition only addresses the issues raised by Defendant's Motion, Plaintiffs preserve all claims, allegations, arguments, counterarguments and defenses available to Plaintiffs as a result of the Defendants conduct during this litigation and prior thereto.

## II.   RELIEF REQUESTED

Plaintiff respectfully requests that this Court deny Defendant's Rule 12(c) Motion for Judgment on the Pleadings because there are significant issues of material facts that must be established in compliance with the Federal Rules of Evidence that are not in the pleadings and Plaintiffs have sufficiently alleged many claims upon which relief can be granted.  In summary and response to Defendant's denials in this section of its Motion:

1)      "The collection letter did not falsely represent the character, amount, or legal status of any debt:" RESPONSE: There is zero evidence in the pleadings that

anything that Defendant claims in the letter is accurate, including the name of the alleged creditor or the alleged amount or that David Sean Dufek actually signed the letter given that the signature is a facsimile. Plaintiffs allege that the information is deceptive.

2)    "The collection letter did not falsely, represent or imply that someone was an attorney who was not, or that the communication was from an attorney when it was not;" RESPONSE: There is zero evidence in the pleadings establishing that David Sean Dufek actually signed the letter identified as Exhibit A given it is a facsimile.  Plaintiffs allege a false representation.

3)    "The collection letter did not threaten to take any action that cannot legally be taken or that is not intended to be taken;" RESPONSE: There is no evidence in the pleadings establishing that the Defendant owns this debt, that the debt is valid, that Defendant is authorized to collect on the alleged debt or the scope of the business relationship between DUFEK and Defendant.

4)    "The collection letter did not use any false representation or deceptive means to collect or attempt to collect any debt or to obtain any information concerning a consumer." RESPONSE: There is zero evidence in the pleadings establishing that any of the claims made by the Defendant in the letter are true.  Plaintiffs allege that the letter is false and deceptive. <u>Discovery is needed to answer this question.</u>

5)    "The collection letter was not an unfair or unconscionable means to collect or attempt to collect a debt;" RESPONSE: There is no evidence in the pleadings establishing that any of the claims in the collection letter are true.  Plaintiff alleges that the letter is an unfair or unconscionable means to collect or attempt to collect

a debt. At the very least, Discovery is required to make a determination as to whether anything stated in the letter true.

6)    "The collection letter is not a form created knowing such form would be used to create false beliefs in consumers:" RESPONSE: If it is proven that any claim in the letter is false, contradictive or deceptive, Defendant's motives behind creating the form will require discovery as such information is in the exclusive control of Defendant.

7)    "The collection letter did not make any false representation that an existing obligation of the consumer may be increased b[y] fees when such fees may not be legally added to the existing obligation." RESPONSE: An "existing obligation of the consumer" has not been established by the record nor has it been established that the alleged obligation claimed by Defendant can be "increased by fees." Plaintiff alleges that it is a false representation. There is no evidence in the pleadings establishing that Defendant has such a right.

8)    "The collection letter did not make any false representation about the status or nature of the services rendered by the debt collector;" RESPONSE: There is zero evidence in the pleadings establishing that the Defendant has authority to collect on this alleged debt. There is zero evidence in the pleadings establishing the nature of the business relationship between DUFEK and Defendant therefore the nature or scope of services rendered by either party can only be obtained through discovery.

9)    "The collection letter did not otherwise make any false representation of material fact which has a tendency to deceive;" RESPONSE: There is zero evidence in the

pleading establishing any statement in the letter as fact.  Plaintiffs have alleged false representations of material facts concerning the signature of David Sean Dufek as "Attorney David Sean Dufek" and the placement of the disclaimer, specifically the contradiction between the disclaimer and the signature, title and law firm letterhead in addition to the various legal references in said letter has a tendency to deceive.  Further, to determine all the false statements of material fact made in the letter will require discovery.

10)   "The collection letter did not fail to state a material fact where such failure tends to mislead." RESPONSE: It is impossible to determine without discovery whether Defendant failed to state a material fact that tends to misleads because there is no authenticated evidence in the pleadings establishing that any of the claims made in Exhibit A are true.

Additionally, there are numerous material facts concerning Defendant's policies and practices that have not been established in the pleadings. As such, Plaintiffs respectfully request that the Defendant's Motion pursuant to Rule 12(c) of the Federal Rules of Civil Procedure be denied as the pleadings are insufficient to establish the numerous material facts Defendant argue and assume as fact in its Motion.  Plaintiffs have sufficiently stated claims under the FDCPA, the DCDCL and the DCCPPA.

## III.   STANDARD OF REVIEW

In response to CACH's false statement in its Standard of Review Section that "both defendants have file timely Answers" both Defendants did not file timely answers. [Motion, Sect III, ¶ 1]. Rule 81(c) of the Federal Rules of Civil Procedure specifically requires that "After removal…A defendant who did not answer before removal must answer or present other

defenses or objections under these rules within the longest of these periods: (A) 21 days after receiving – through service or otherwise – a copy of the initial pleading stating the claim for relief; (B) 21 days after being served with the summons for an initial pleading on file at the time of service; or (C) 7 days after notice of removal is filed." DUFEK was served on March 14, 2014 making his Answer due on April 4, 2014. This Action was removed on April 1, 2014 thereby making his Answer due at the latest by April 8, 2014. DUFEK filed his Answer on April 28, 2014 making him twenty days late filing said Answer. [Dkt #8, 4/28/2014]. Therefore, DUFEK has technically conceded to all the allegations contained in Plaintiff's Complaint and serves as an additional reason why CACH's Motion should be denied by this Court.

"A Rule 12(c) motion is 'functionally equivalent' to a Rule 12(b)(6) motion and governed by the same standard. *Rollins v. Wackenhut Servs., Inc.*, 703 F.3d 122, 130 (D.C. Cir. 2012). To survive the motion, a plaintiff need only plead "enough facts to state a claim to relief that is plausible on its face" and to "nudge[ [his or her] claims across the line from conceivable to plausible." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007). "[O]nce a claim has been stated adequately, it may be supported by showing any set of facts consistent with the allegations in the complaint." *Id.* at 563. Therefore, Defendant cannot rely on denials contained in its Answer to support it argument made in its 12(c) Motion as Defendant has done here.

In deciding a Rule 12 (c) motion, a court "must assume all the allegations in the complaint are true (even if doubtful in fact) . . . [and] must give the plaintiff the benefit of all reasonable inferences derived from the facts alleged." *November 2001 v. Fame Jeans Inc.*, 525 F.3d 8, 17 (D.C. Cir. 2008) (quotation marks and citations omitted). The Court "must not make any judgment about the probability of the plaintiffs' success," *id.*, and should grant a motion for judgment on the pleadings only if it clear that no material factual issues remain to be resolved or

are in dispute and the movant is entitled to judgment as a matter of law. *Peters v. Nat'l R.R.*

*Passenger Corp.*, 966 F.2d 1483, 1485 (D.C. Cir. 1992) (citations and quotation marks omitted).

A motion for judgment on the pleadings should be granted only if the moving party "clearly

establishes that no material issue of fact remains to be resolved and that he is entitled to

judgment as a matter of law." *Rosenau v. Unifund Corp.*, 539 F.3d 218, 221 (3d Cir. 2008).

Contrary to Defendant's erroneous acknowledgement that only "some courts are required to

view attempts to collect debts from the perspective of the least sophisticated consumer," the

standard required by the FDCPA in all cases as to whether a violation occurred is the "least

sophisticated consumer" standard.  Various courts have emphasized the standard.

> The law was not "made for the protection of experts, but for the public-that vas multitude which includes the ignorant, the unthinking, and the credulous," *Florence Mfg. Co. v. J.C. Dowd & Co.*, 2 Cir., 178 F. 73, 75 [(1910)]; and the "fact that a false statement may be obviously false to those who are trained and experienced does not change its character, nor take away its power to deceive others less experienced." *Federal Trade Commission v. Standard Education Soc.*, 302 U.S. 112, 116 [58 S.Ct. 113, 115, 82 L.Ed 141 (1937)].

> The Act is aimed at protecting consumers in general from abusive debt collection practices and the test is how the least sophisticated consumer – one not having the astuteness of a "Philadelphia lawyer" or even the sophistication of the average, everyday, common consumer – understands the notice he or she receives.  The least-sophisticated – consumer standard best effectuates the Act's purpose of limiting the "suffering and anguish" often inflicted by independent debt collectors." *Russell v. Equifax A.R.S.*, 74 F.3d 30, 34 (2d. Cir. 1996).

> Literally, the least sophisticated consumer is not merely "below average," he is the very last rung on the sophistication ladder. Stated another way, he is the single most unsophisticated consumer who exists. Even assuming that he would be willing to do so, such a consumer would likely not be able to read a collection notice with care (or at all), let alone interpret it in a reasonable fashion. *Gammon v. GC Servs.*, 27 F.3d 1254, 1257 (7th Cir. 1994).

Additionally, whether deception exists is a question of material fact. *Brazier v. Law*

*Offices of Mitchell n. Kay, P.C.*, 2009 WL 764161 (M.D. Fla. Mar. 19, 2009); *Harry v.*

*Pentagroup Fin., L.L.C.*, 2007 WL 812998 (E.D.N.Y Mar. 2007); *Mejia v. Marauder Corp.*,

2007 WL 806486 (N.D. Cal. Mar. 15, 2007); *Gonzales v. Arrow Fin. Servs. L.L.C.*, 489 F. Supp. 2d 1140 (S.D. Cal. 2007); *Dupuy v. Weltman, Weinberg & Reis Co.*, 442 F. Supp. 2d 822, 824 (N.D. Cal. 2006); *Gionis v. Javitch, Block & Rathbone*, 405 F. Supp. 2d. 856, 873 (S.D. Ohio 2005); *Shimek v. Weissman, Nowack, Curry & Wilso*, P.C., 323 F.Supp. 2d 1344 (N.D. Ga. 2003); *Van Westrienen v. Americontinental Collection Corp.*, 94 F.Supp. 2d 1087, 1099 (D. Or. 2000).

Further, there are numerous cases where the alleged disclaimer language was included in the collection letter and the Court ruled the letter was deceptive or may be deceptive depending on the motion or the stage of trial. *Ardino v. Dufek*, 2011 WL 6002095

Exhibit A to the Complaint violates the FDCPA, the DCDCL and the DCCPPA but at the very least such violations depend on the resolution of many material facts "beyond the language employed by the collection letter at issue here" the most glaring one being the accuracy of said collection letter. Another fact not yet answered is whether the collection letter identified as Exhibit A to the Complaint is what it claims to be or is a deceptive form containing various misrepresentations implicitly and explicitly as alleged in Plaintiffs Complaint. Such material facts may be answered through discovery or trial. Discovery will also answer material facts concerning different versions of Exhibit A sent to District of Columbia residents. Further, Defendant's attempt to equate its opinion, as a sophisticated debt collector, as to whether its own collection letter is deceptive or misleading, with that of the "least sophisticated consumer" is hollow.

The FDCPA establishes a general prohibition against the use of "false, deceptive, or misleading representation or means in connection with the collection of any debt."15 U.S.C. § 1692e; *Clomon v. Jackson*, 988 F.2d 1314, 1318 (2d Cir.1993).

## IV.   ARGUMENT

### A. The Attorney Collection Letters Misrepresent or Falsely Imply that DUFEK, as the Agent and Representative of CACH, has the Authority and/or the Ability to Take Legal Action Against District of Columbia Consumers.

Though Plaintiffs allege violations of 15 U.S.C. § 1692e (2), (3), (5) and (10) and § 1692f, DC Code § 28-3904 (e) and (f) and DC Code § 28-3814 (5), (8), and (9) in Paragraph 57 of their Complaint, Defendant merely addresses 15 U.S.C. § 1692e (5) in its Motion therefore Plaintiff will only address that specific allegation.

Section 1692e broadly prohibits false and misleading representations.  There is no evidence in the pleadings establishing that the Defendant has any authority to collect or to "sue" as it threatens to do in its Answer. Additionally, the pleadings contain no evidence establishing the scope of any authority claimed by the Defendant or DUFEK concerning the alleged debt. Moreover, there is no evidence in the pleadings establishing the authority of Defendant to take legal action against the consumers who were sent the letter identified in Exhibit A to the Complaint. Moreover, because the signature is merely a facsimile it has not been established by the pleadings which entity or person actually drafted and sent the letter. Both Defendants admit that the letter was sent but it has not been established which entity or person said letters were sent by. [Ds ANSRs ¶ 26].  Whether DUFEK employed non-lawyer employees as debt collectors is a material missing fact that can be obtained through discovery and would help to answer the foregoing question. Further, discovery is needed to determine whether the letter was actually signed by David Sean Dufek.  Finally, Plaintiff actually states that she believed that DUFEK would bring a lawsuit against her and sought legal counsel. Therefore, there is a material question of fact as to whether the "least sophisticated consumer" would perceive the letter as a threat to take legal action.

Section §1692e(5) prohibits a debt collector from "threat[ening] to take any action that cannot legally be taken or is not intended to be taken." In *LeBlanc v. Unifund CCR Partners*, 601 F.3d 1185 (11th Cir. 2010), the court held that there was a general issue of material fact as to whether debt collector's dunning letter, which purported to be from its "Legal Department" was a threat to take legal action under the least sophisticated consumer standard. Because the parties disagree on the proper inferences that can be drawn from the dunning letter therefore resolution must be made by the trier of fact and is not appropriate for summary judgment.

As to *Sturdevant v. Thomas E. Jolas, P.C.*, 942 F.Supp. 426 (W.D. Wis. 1996), cited as support for Defendant's contention that there is no authority that an attorney mailing a "collection letter to a debtor in a state where the attorney is not licensed to practice law. The assertion is unfounded. A collector acted deceptively by sending a notice that implied, through vague language, that some type of legal action had already been or was about to be initiated and could only be averted by payment, when the collector actually took no action other than telephone calls to collect debts of less than $150. *Pipiles v. Credit Bureau, Inc.*, 886 F.2d 22 (2d Cir. 1989).

Also, when a lawyer who sends a letter into a state in which he is not licensed to practice, without disclosing that fact, it is a deceptive omission in violation of the FDCPA. *Newman v. Checkrite California, Inc.*, 912 F.Supp. 1354 (E.D. Cal. 1995); In re Belile, 209 B.R. 658 (Bankr. E.D. Pa. 1997); *Woolfolk v. Rubin*, 783 F.Supp. 724 (D. Conn. 1990). Further, a collection letter sent to out-of-state consumers using a law firm's letterhead without disclosing the jurisdictional limitations of the law firm falsely implies that the lawyer sending the letter could bring an action against the consumers in their state. *The Florida Bar v. Moran*, 273 So. 2d 390 (Fla.1973); *Rosa v. Gaynor*, 704 F. Supp. 1 (D. Conn. 1989. Such a letter also implies

11

that the consumer could be sued in the out-of-state Court where the collection lawyer practices. Both of the forgoing scenarios are possibilities and conclusions that can be made by the least sophisticated in-state consumer and both of which are implied and lead to deception on the part of the out-of-state attorney sending the letter. "The use of the attorney letter against a debtor was structured largely for scaring him into thinking that there would be litigation against him if he didn't pay his debt." *United States v. Central Adjustment Bureau*, 667 F.Supp. 370, 397 (N.D. Tex. 1986).

Abuses by attorney debt collectors are more egregious than those of lay collectors because a consumer reacts with far more duress to an attorney's improper threat of legal action than a debt collection agency committing the same practice. *Crossly v. Lieberman*, 868 F.2d 566, 570 (3d Cir. 1989. A debt collection letter on an attorney's letterhead conveys authority and credibility. *Ross v. Gaynor*, 784 F.Supp. 1 (D. Conn. 1989)(a collection letter from a lawyer to a consumer residing in a state in which the lawyer was not admitted was likely to create the deceptive impression that the lawyer may initiate suit). "The use of the attorney letter against a debtor was structured largely for scaring him into thinking that there would be litigation brought against him if he didn't pay his debt." *United States v. Central Adjustment Bureau*, 667 F. Supp. 370, 397 (N.D. Tex. 1986) See also *Crossley v. Lieberman*, 868 F.2d 566 (3d Cir. 1989)

Contrary to Defendant's argument that it did not fail to advise unrepresented consumers that DUFEK could not take legal action against them because the letter does not make a threat of legal action, the foregoing case law demonstrates that a threat of legal action can be made implicitly through the use of attorney letterhead, legal references such as "retained" and "advised" and the signature includes title "Attorney David Sean Dufek" and website "lawofficeofdavideseandufek.com," and a failure to give jurisdictional limitations. Not to

mention the alleged disclaimer concerning no attorney involvement concealed beneath the signature block.  Apparently, Defendant believed that the letter threaten to take legal action because it declared in Answer to paragraph 34 of the Complaint that "it is CACH, LLC's position that it can and will sue Plaintiff on the debt at issue."  Now it argues that there was no threat of suit.  Further, it has failed to provide any evidence proving that it has standing to bring any action or collect on the alleged debt.

First, three of the cases cited by Defendant in support of it opposition to this claim involve a summary judgment motions which means that discovery had likely concluded. *Cohen v. Wolpoff & Abramson, L.L.P.*, Civ. No. 08-1084, 2008 WL 4513569 (D.N.J. Oct. 2, 2008); *Kelly v. Wolpoff & Abramson*, LLP, 634 F.Supp.2d 1202 (D.Colo.2008); *Anthes v. Transworld Sys., Inc.*, 765 F.Supp. 162 (D.Del.1991) (whether debt collector's routine request for outside attorney to send dunning letters would mislead consumer into believing collection activities had entered a more serious stage raised questions not appropriate for summary judgment.)

Defendant also cites *Nichols v. Frederick J. Hanna & Assocs., P.C.*, 760 F. Supp, 2d 275 (N.D.N.Y) in support of its argument that the letter did not threaten legal action.  However, in *Nichols* the disclaimer was the third paragraph in the body of the letter and not buried after the signature block as in the case at bar.  Further, the *Nichols* letter did not contain the signature and title of the named attorney of the law firm as is the case here. Defendant gives the following quote from *Pipiles v. Credit Bureau of Lockport, Inc.*, 886 F.2d 22, 25 (2d Cir. 1989) "[t]he language of the communication, as a whole, must leave the unsophisticated reader with the impression that 'some type of legal action has already been or is about to be initiated and can be averted from running its course only by payment.'" Here, Plaintiff has alleged that she thought legal action was imminent and therefore the question is for the trier of fact.

**B.**   **The Attorney Collection Letters Misrepresent and/or Falsely Imply the Intent of DUFEK, as Defendant's Agent, to Take Legal Action Against Consumers in the District of Columbia or in a Distant Forum such as California.**

Though Plaintiffs allege violations of 15 U.S.C. § 1692e (2), (3), (5) and (10) and § 1692f, DC Code § 28-3904 (e) and (f) and DC Code § 28-3814 (5), (8), and (9) in this paragraph, Defendant merely addresses 15 U.S.C. § 1692e (3) in its Motion therefore Plaintiff will only address that specific allegation. Additionally, Defendant's characterization of this allegation in its Motion is inaccurate. [Motion P. IV, Sect. B, ¶ 2]. Whether the Defendant had the authority to take legal action against the District of Columbia consumers to whom it sent the letters have not been established in the pleadings.

In *Lesher v. Law Office of Mitchell N. Kay, P.C.*, 2009 WL 2431826 (M.D. Pa. June 14, 2010), the Court ruled that the defendant violated § 1692e (3) and§ 1692e (5) by sending a dun containing the *Greico* disclaimer--- "no attorney with this firm has personally reviewed the particular circumstances of your account"--- since the communication as a whole would still deceptively lead the least sophisticated consumer to believe that an attorney was involved in the collection of the debt and that the attorney could and would take legal action. The *Lesher* Court made the following point concerning attorney debt collectors.

> Although an attorney may be acting in the capacity of a debt collector and may not be communicating any explicit representation of a future course of action, when the attorney acting as a debt collector uses law firm letterhead the attorney acting as a debt collector plainly is communicating to the debtor in his or her capacity as an attorney. Therefore, since it is an attorney's communication, the implication is not avoidable that a threat of litigation is being presented to the debtor. *Id*

The *Lesher* Court went on to point out in correlation to the argument made by the attorney debt collector "that it is customary and ordinary for attorneys to send out letters noting the existence of debt and asking for payment."

> The unavoidable corollary to this is that it is customary and ordinary for the recipient of a law firm's letter to feel that a law suit could be the next step. *Id.*

Defendant argues that it did not fail to advise unrepresented consumers of Defendant's intent with respect to its ability to take legal action against them in the District of Columbia because it did not have a legal duty to state whether suit was intended.  Defendant has a legal obligation under all the named statutes not to imply misleading statements through the use of forms.  It is a question of fact, subject to discovery, whether suit was or was not contemplated by Defendant at the time of sending the letter or whether Defendant owns or was assigned the alleged debt at issue.

As noted above, threat of suit can be implied.  Defendant is a Colorado Company and DUFEK is not licensed in Colorado. Further, the Plaintiffs are residents of the District of Columbia where DUFEK is also not licensed therefore it is unclear why DUFEK was "retained" by Defendant send letters to District of Columbia consumers. It is a question of material fact as to why a Colorado Company "retained" a California attorney to represent it in connection with District of Columbia consumers when said attorney is not licensed in the District of Columbia or Colorado for that matter.  Further, the question remains as to why DUFEK used its law firm letterhead, title and signature of named attorney of law firm, in correspondence with residents of the District of Columbia if but to misrepresent or deceive such residents or hold himself and his firm out as an attorney that could bring legal action against them in the District of Columbia or California.

Further, DUFEK did not disclose in the letter that its attorney is not licensed to practice in the District of Columbia. DUFEK further deceives by omission of its jurisdictional limitations by sending letters specifically identifying "Attorney David Sean Dufek" as the person that penned the collection letter and including a facsimile signature using law firm letterhead and burying the disclaimer at the bottom of the page. To the "least sophisticated consumer," failing to disclose in the letter that the Attorney named in said letter is not licensed to practice in the District of Columbia is a deceptive omission by Defendant. Such an omission was intentionally made to falsely imply that DUFEK could bring an action against said consumer in the District of Columbia or the distant forum of California and thereby increase the effectiveness of its mass produced form letter.

Though the Defendant argues that DUFEK includes an office address in California not in the District of Columbia, to the "least sophisticated consumer" the threat is clear that suit could be brought against him/her in California or the District of Columbia. The named plaintiff alleges that she actually believed that DUFEK would bring suit against her. Whether the least sophisticated District of Columbia consumer would be confused or deceived that DUFEK was licensed in the District of Columbia is a question of fact. As is cited above, there is significant authority confirming that it is an FDCPA violation when an attorney that mails a collection letter to a debtor in a state where the attorney is not licensed to practice law.

**C. The Attorney Collection Letters uses DUFEK's title, letterhead, status and position as an Attorney to Make/Imply False, deceptive and/or Confusing Statements to District of Columbia Consumers.**

Though Plaintiffs allege violations of 15 U.S.C. § 1692e (2), (3), (5) and (10), § 1692f and §1692j, DC Code § 28-3904 (e) and (f) and DC Code § 28-3814 (5), (8), and (9) in

paragraph 59, Defendant merely addresses 15 U.S.C. § § 1692e and 1692e (10) in its Motion

therefore Plaintiff will only address those specific allegations.

The Sixth Circuit recently decided that a collection letter on lawyer letterhead, where the

lawyer was not acting as a lawyer, may be deceptive violating the FDCPA.  The Court ruled:

> The LLC's [collection] letter is printed on law firm letterhead, it makes repeated
> reference to a law firm, and it directs remittance to an individually named lawyer.  But it
> also explicitly states that it is from a debt collector and is "signed" by an unnamed
> "Account Representative." (*emphasis added*)  Based on these conflicting aspects of the
> letter, we conclude that the district court erred in granting summary judgment to
> Margelefsky [the collection lawyer], but we will not go to the other extreme either by
> granting summary judgment to [consumer] Kistner.  Instead, a jury should determine
> whether the letter is deceptive and misleading – specifically, whether the letter gives the
> impression that it is from an attorney even though it is not. *Kistner v. Law Offices of
> Michael P. Margelefsky, L.L.C.*, 518 F.3d 433 (6th Cir. 2008).

Further, in *Shula v. Lawent*, 359 F.3d 489 (7th Cir. 2004), the Court ruled that an alleged

violation of the FDCPA that communication was from an attorney who had not reviewed the file

raised issues of material fact which could not be resolved on summary judgment.  In *Greco v.

Trauner, Cohen & Thomas., L.L.P*, 412 F.3d 360, 364 (2d Cir. 2005), cited by Defendant, the

Court cited the *Clomon* decision which ruled "[i]n a mass mailing, these implications [of

meaningful attorney involvement] are frequently false: the attorney whose signature is used

might play no role either in sending the letters or in determining who should receive them. For

this reason, there will be few, if any, cases in which a mass-produced collection letter bearing the

facsimile of an attorney's signature will comply with the restrictions imposed by § 1692e."

In *Eddis v. Midland Funding, L.L.C.*, 2012 U.S. Dist. LEXIS 22193 (D.N.J. February 22, 2012),

another case cited by the Defendant, the Court noted the placement of the disclaimer as a

determining factor in its decision in favor of the Defendant in that case.  Specifically, the Court

emphasized "[a]dditionally, since Defendant's disclaimer appears on the front of the letter, in the

body of the text and in the same font" no FDCPA violation. Defendant's disclaimer does not meet the criteria used by the Court it cites in support of its argument. Further, in *Greco* the disclaimer was in the body of the letter.

In the case at bar, DUFEK and David Sean Dufek's status as an attorney was misleading due the concealment of the disclaimer beneath the signature block where the "least sophisticated consumer" is not likely to read and/or likely to disregard as inconsequential fine print, the inclusion of the title "Attorney David Sean Dufek," the law firm letterhead, the contradiction between the signature and title and the disclaimer, the legal references and the law firm website. The form was drafted to imply that David Sean Dufek was acting as an attorney and not a debt collector when sending the letter. Further, and distinctively, the disclaimer here was not "clear and prominent" to the "least sophisticated consumer" thus is in contrast to the line of cases cited by Defendant where an FDCPA violation was not found.

Further evidence of deception reveals itself in the pleadings. Though in DUFEK's pro se Answer he signs his name "/s/David Sean Dufek" with no title beneath, in the collection letter he includes the title "Attorney David Sean Dufek." Further, including an actual signature of the named attorney of the law office from which the letter is sent and then disclaiming attorney involvement is confusing and deceptive to a sophisticated attorney practicing consumer law in the Nation's Capital therefore it meets the very low standard of being deceptive to the least sophisticated consumer. Further, a signature at the end of a letter gives the distinct impression that the person signing the letter has actually written the letter and reviewed the file identified in the letter.

In this case, missing material issue of facts include who sent the collection letter to District of Columbia consumers as well as who created and drafted the letter. Additionally,

Defendant has not established that it owns an account attributable to the Plaintiffs. Further, a letter that is alleged to include a disclaimer stating no attorney involvement but also contains a facsimile signature of "Attorney David Sean Dufek" and his title is confusing and deceptive to the least sophisticated District of Columbia consumer.  Other missing issues of material facts include whether the alleged account exists, whether Defendant owns an account attributable to the Plaintiffs, whether Defendant ever initiated suits concerning the alleged accounts assigned to DUFEK in the District of Columbia. The only document in the pleadings is Exhibit A whereby Defendant has not demonstrated in any way that any of the information or statements contained therein is true and/or accurate. However, Plaintiffs are alleging that the letter is false and misleading.

The Defendant argues that "courts have found collection letter language identical and nearly identical to the subject collection letter properly states and disclaims the level of attorney involvement when reviewed under a least sophisticated consumer standard." Defendant argues that the language here is more innocuous than in *Greco*.  However, in *Greco* the disclaimer was "clear, prominent and conspicuous" in the body of the letter and not buried beneath the signature block as it is in the case at bar. Further, the *Lesher* court emphasized that the disclaimer on the back did not clarify the role of the law office in collecting the debt because the disclaimer "completely contradicts" the body of the "message sent on the front of the collection letters---that the creditor retained a law firm to collect the debt." As is the case here, the disclaimer at the bottom of the page completely contradicts the content and form of the collection letter as a whole.  Viewing the letter as a whole it is clear that it is meant to be deceptive in that it is alleged to disclaim attorney involvement yet it is signed "Attorney David Sean Dufek." However, it

remains unclear who drafted the letter given that it contains a facsimile signature of "David Sean Dufek."

Whether the letter explicitly or implicitly threatens to take legal action or whether there was a threat of suit to the "least sophisticated consumer" is a question of fact. Defendants violated the FDCPA, the DCDCL and the DCCPPA through DUFEK by using its title, status and position as an attorney to make false, deceptive or confusing statements or forms to consumers.

### D. The Attorney Collection Letters falsely Imply and/or Represent that an Attorney Has Reviewed the Files

Though Plaintiffs allege violations of 15 U.S.C. § 1692e (2), (3), (5) and (10) and § 1692f, DC Code § 28-3904 (e) and (f) and DC Code § 28-3814 (5), (8), and (9) in paragraph 60 of their Complaint, Defendant merely addresses 15 U.S.C. § § 1692e and 1692e (10) in its Motion therefore Plaintiff will only address those specific allegations.

*Clomon v. Jackson*, 988 F.2d 1314 (2d Cir. 1993) is the seminal case on this issue.  The *Clomon* Court held that mass-produced collection letter bearing the name of debt collector's general counsel in the letterhead and facsimile of his signature at its conclusion contained false or misleading communications in violation of § 1692c, §1692e(3) and §1692c (10) where the attorney did not review debtor's file or the particular collection letter before the letter was sent. *Id.* Further, in *Gonzalez v. Kay*, 577 F.3d 600 (5th Cir. 2009) the Court counseled,

> "We caution lawyers who send debt collection letters to state clearly, prominently, and conspicuously that although the letter is from a lawyer, the lawyer is acting solely as a debt collector and not in any legal capacity when sending the letter.  The disclaimer must explain to even the least sophisticated consumer that lawyers may also be debt collectors and that the lawyer is operating only as a debt collector at that time. Debt collectors acting solely as debt collectors must not send the message that a lawyer is involved, because this deceptively sends the message that the "price of poker has gone up."

Further in *Avila v. Rubin*, 84 F.3d, 222, 229 (7th Cir. 1996) the Court opined,

"[A] letter from a debt collector, on a law firm letterhead, implies that that a lawyer has become involved in the debt collection process, and the fear of lawsuit is likely to intimidate most consumers. Disclaimer of attorney involvement on reverse of attorney letterhead "completely contradicted the message on the front of the letter---that the creditor had retained and its lawyers to collect the debt."

If the alleged disclaimer "clearly and unambiguously states," as falsely characterized by the Defendant, that an attorney has not reviewed the file, it is confusing and deceptive if the attorney of whom the law office is named then signs the letter and includes his title "Attorney" in said letter deceptively implying the opposite of what is stated in the alleged disclaimer. Specifically, when there is an attorney signature at the end of said letter that also includes his title "Attorney Sean Dufek;" the signature and the title implies that said attorney has reviewed the file of the alleged debtor and implicitly and explicitly contradict what is stated in the alleged disclaimer.  The letter misrepresents that an attorney was involved in the preparation of the letter and review of the account and also misrepresents attorney actual involvement by inclusion of the signature, the title, the law firm letterhead, the website, the legal references and the payment request to the main attorney for the law firm. As a result, it is deceptive within the meaning of the FDCPA, the DCDCL and the DCCPPA.

Defendant argues that it did not falsely imply or represent that an attorney has reviewed or plans to review the account. In other words, Defendant argues that a letter signed by an attorney was not reviewed by the attorney that signed it prior to sending said letter to consumers in the District of Columbia. If that is the case it is also deceptive.  Defendant also falsely states that the least sophisticated consumer is bound to read collection notices in their entirety citing *Compuzano-Burgos v. Midland Credit Mgmt.*, 550 F.3d 294 (3rd Cir. 2008) as its authority. However, the "least sophisticated consumer" is not expected to read the fine print at the bottom of the page following the signature block. Defendant further argues that the disclaimer language

is more than adequate under the least sophisticated consumer standard. In fact, it is inadequate, as argued above, if it is placed in a location where it is not likely to be read. A "clear, prominent, and conspicuous disclaimer that no lawyer was involved in the debt collection at that time" is required to adequately disclaim attorney involvement. *Gonzalez*, supra 577 F.3d 606. "Based only on the allegations in the complaint and the letter itself, reasonable minds can differ as to whether this letter is deceptive. Although the mere presence of disclaimer language might be dispositive in certain circumstances, the context and placement of that disclaimer is also important. We do not construe the disclaimer in isolation but must analyze whether the letter is misleading as a whole." *Id* at 607

Defendant claims that Plaintiffs request the Court to find that the disclaimer means the opposite of what it actually says. It is unclear, without discovery, what the disclaimer means as such evidence is in the exclusive control of the Defendant. Plaintiffs argue that placing a disclaimer in a letter stating no attorney involvement and then including the attorney's signature and title prominently at the end of the letter is confusing and misleading to the "least sophisticated consumer" and falsely implies that an attorney has reviewed the files. Further, and as alleged, placing the disclaimer under the signature block where it is unlikely to be seen or read is deceptive.

Defendant denies in its Answer that it is the standard policy and procedure to include the disclaimer at the bottom of the page after the signature block after it admitted that it sent Exhibit A in the same Answer. [CACH ASWR. ¶ 42 and ¶26]. There remain material questions of fact concerning which entity sent the letters to Plaintiffs.

**E. The Attorney Collection Letters uses the Authority and Credibility of the Letterhead to Collect Debts and/or Convey the Threat of Suit without any Meaningful Attorney Review of the Alleged Account/File.**

Though Plaintiffs allege violations of 15 U.S.C. §1692d, §1692e(3), e(5) and e(10), §1692f. 15 U.S.C. § 1692e, (2), (3), (5) and (10) and § 1692f, DC Code § 28-3904 (e) and (f) and DC Code § 28-3814 (5), (8), and (9) in this paragraph, Defendant merely addresses 15 U.S.C. § 1692e(5) in its Motion therefore Plaintiff will only address that specific allegation.

Vague legal references and law firm letterhead constitute threat of litigation to the least sophisticated consumer. *Gervais v. Riddle & Assocs., P.C.*, 479 F.Supp. 2d 270 (D.Conn. 2007); A genuine issue of fact remained for trial regarding whether the collection letter communicated to the unsophisticated consumer that legal action was imminent. *Riddle & Assocs., P.C.*, 2001 U.S. Dist. LEXIS 15712 (N.D. Ill. Sept. 28, 2001). The court stated there was a general issue of material fact as to whether debt collector's dunning letter, which purported to be from its "Legal Department" was a threat to take legal action under the least sophisticated consumer standard. Because the parties disagree on the proper inferences that can be drawn from the dunning letter therefore resolution must be made by the trier of fact and is not appropriate for summary judgment. *LeBlanc v. Unifund CCR Partners*, 601 F.3d 1185 (11th Cir. 2010)

Defendant argues that courts have "held that a letter written on a law firm's letterhead is insufficient, on its own, to imply that litigation is imminent." Defendant cites *Nichols* as support for its contention. Defendant also cites *Veillard v. Mednick*, 24 F.Supp. 2d 863 (N.D. Ill. 1998) where the court concluded that an unsigned collection letter sent on a law firm's letterhead may not be a threat. However, it also stated that where the unsigned collection letter is sent on attorney's firm letterhead, where no attorney was actively involved in the consumer's case, it is a misrepresentation of attorney participation in the collection process in violation of §§ 1692e and

23

1692j. *Id. Veillard* resolved cross summary judgment motions which presumably occurred after discovery and judgments were granted to both plaintiff and defendant.

As explained above, use of DUFEK's letterhead, signature, title, law office website, legal references and the buried disclaimer adds up to deceptive threat of litigation or legal action with no meaningful attorney involvement concerning the file. Because Defendant is arguing that the letter properly disclaims no attorney involvement it is established that in fact no attorney review occurred relating to the alleged debt. Therefore, the inclusion of the signature and title of David Sean Dufek is deceptive. The collection letter states no attorney involvement yet the signature and title of David Sean Dufek explicitly conveys attorney involvement in the collection of the alleged debt. Thus, with respect to the level of attorney involvement in the collection of plaintiff's debt, the collection letter may reasonably be read to have two different meanings, only one of which can be accurate. As a result, it is deceptive as a matter of law. See *Russell v. Equifax A.R.S.*, 74 F.3d 30, 35 (2d Cir.1996).  If a statement is capable of two meanings it is deceptive under the FDCPA. *Rosenau v. Unifund Corp.*, 539 F.3d 218 (3d Cir. 2008).

The body of the collection letter and the alleged disclaimer below the signature block, the legal references, the prominent signature and title, the law office website all lead to threat of lawsuit.  It also confuses the consumer as to the level of attorney involvement in the collection of the alleged debt. There are many material facts remaining that can only be resolved through discovery and trial.

**F.  The Attorney Collection Letters uses DUFEK's title, status, and/or position as an Attorney to Add a False Sense of Heightened Urgency and Intimidation to its Collection Practices, without any Meaningful Attorney Review**

Though Plaintiffs allege violations of 15 U.S.C. §1692d, §1692e(3), e(5) and e(10), §1692f. 15 U.S.C. § 1692e, (2), (3), (5) and (10) and § 1692f, DC Code § 28-3904 (e) and (f) and

DC Code § 28-3814 (5), (8), and (9)in paragraph 62, Defendant merely argues that there is a disclaimer, there is no threat of action, there is not intimidation and that there is no urgency in its Motion therefore Plaintiff will only address that specific allegations relating to Defendant's arguments.

"[A]n unsophisticated consumer, getting a letter from an 'attorney' knows the price of poker has just gone up." *Avila v. Rubin*, 84 F.3d, 222, 229 (7th Cir. 1996).  Consumers react with more duress when contacted by an attorney, such that, in *Brown v. Card Service Center,* 464 F.3d 450 (3d Cir. 2006), the Court held that it would be deceptive under the FDCPA for a collection agency to merely mention in a letter, that an account would be forwarded to an attorney, if it had never done so before. In *Brown*, the Third Circuit concluded that it would be deceptive under the FDCPA, "to assert that it could take any action that it had no intention of taking and has never or very rarely taken before." *Id.*  Further, in *Clomon* were the letter was virtually identical to the collection letter at issue here down to including the name and title of an actual attorney "Attorney David Sean Dufek," the Court held that the use of the attorney's letterhead and signature on the collection letters was sufficient to give the debtor the false impression that the letters were communications from an attorney in violation of §1692e(3). *Clomon*, supra 988 F.2d at 1320.

Defendant makes several self-serving opinion based conclusions without any reference to the fact that a material fact remains as to whether an attorney collection letter as opposed to a non-attorney collection letter creates a false sense of heightened urgency and intimidation. Here, Defendant, through DUFEK or directly, implied that the price of poker had just gone up with the use of DUFEK's letterhead, signature, title and website.  As well as strategically placing the

disclaimer where the consumer is not likely to read it. Courts analyze both the substance and the form of a collection letter in determining whether the language in the letter is deceptive.

### G. DCDCL Applies to Defendant

D.C. Code §28-3802 "Definitions," defines a "consumer credit sale" as a "sale of goods or services in which—(A) a credit is granted by a person who regularly engages as a seller in credit transactions of the same kind; (B) the buyer is a natural person; (C) the goods or services are purchased primarily for a personal, family, household, or agricultural purpose; (D) either the debt is payable in installments or a finance charge is made; and (E) the amount financed does not exceed $25,000." (emphasis added).

A "consumer credit sale" is the sale of consumer credit within the meaning of the DCDCL. A "claim" is any obligation or alleged obligation arising from a sale of consumer credit or consumer credit sale. CACH alleges that the alleged debt at issue is a "credit card obligation" which is a sale of credit by the alleged creditor, Bank of America, N.A., to consumers. Therefore, the alleged debt at issue is an alleged obligation arising from an alleged sale of consumer credit and therefore is a claim within the meaning of the DCDCL.

Further, though Defendant identifies itself as a Creditor and a "debt collector" in Exhibit A to the complaint and admits in its Motion that the alleged debt it hired DUFEK to collect on its behalf "was a credit card obligation" it incredibly claims it is not a debt collector and did not attempt to collect a "claim" within the meaning of the DCDCL. Defendant, as an entity that purchases alleged defaulted consumer debt for pennies on the dollar and, directly or indirectly, collects such alleged debt through its hired law firms, is a debt collector within the meaning of DCDCL. Plaintiffs have sufficiently alleged that Defendant is a debt collector within the meaning of the DCDCL.

### H. Plaintiff is Consumer within the meaning of the DCCPPA

The DCCPA is very broad.  A "consumer" within the meaning of DC Code § 28-3901(a)(2) is

> (A)When used as a noun, a person who, other than for purposes of resale, <u>does or would</u> purchase, lease (as lessee), or <u>receive consumer goods or services,</u> including as a co-obligor or surety, or <u>does or would</u> otherwise <u>provide the economic demand for a trade practice;</u>

> (B)When used as an adjective, describes anything, without exception, that:
>> (i)A person does or would purchase, lease (as lessee), or receive and normally use for personal, household, or family purposes; or
>> (ii)A person described in <u>§ 28-3905(k)(1)(B)</u> or (C) purchases or receives in order to test or evaluate qualities pertaining to use for personal, household, or family purposes.

Defendant admits that it "sought to collect" an alleged debt it alleges stems from a "credit card obligation." Exhibit A to the Complaint serves to corroborate CACH's attempt.  As such, Plaintiffs were the unfortunate recipients of services from CACH because they did or would receive consumer debt collection services from Defendant within the meaning the DCCPPA. Defendant's unproven claim that Plaintiff "received" money from its predecessor-in-interest and that such an allegation is relevant to this case is unsubstantiated and false. Further, it is not relevant to Plaintiffs allegations under the DCCPPA whether or not "Plaintiff really received....a loan of money from CACH's [alleged] predecessor-in-interest" as wrongly categorized by CACH.  Debt collection and alleged extensions or sales of credit (alleged "loan of money") are services under the DCCPPA.  Further, Plaintiffs are consumers within the meaning of the DCCPPA because they are persons who do or would receive consumer goods or services, or do or would otherwise provide the economic demand for a trade practice.  Plaintiff has sufficiently alleged that she is a consumer within the meaning of the DCCPPA.  Further, discovery is needed to determine whether the alleged debt being pursued by the Defendant is in fact a consumer debt.

**CONCLUSION**

For all the reasons set forth herein, Plaintiff requests that the Court deny Defendant's Motion for Judgment on the Pleadings.  In the alternative, if the court determines that Plaintiff's pleading is in any way insufficient as to the claims asserted in Plaintiff's complaint, then Plaintiff requests leave to amend the Complaint, within the time frame contemplated by the court.

Respectfully Submitted,

CONSUMER JUSTICE ESQ

Respectfully Submitted;

By:    TAWANDA JONES

/s/RDennis
Radi Dennis
Counsel for the Plaintiff
CONSUMER JUSTICE ESQ
Radi Dennis, DC Bar#473921
P.O. Box 57417
Washington, DC 20037
rdennis@consumerjusticeesq.com
Telephone: (202) 579-1243
Facsimile: (202) 644-5228

**CERTIFICATE OF SERVICE**

I, Radi Dennis, hereby certify that on this 11th day of July 2014, a true and accurate copy of Opposition to Defendant CACH, LLC's Motion to Dismiss on the Pleadings Pursuant to Rule12(c) will be served electronically using ecf system upon the following:

Mikhael D. Charnoff
2300 Wilson Blvd, Suite 240
Arlington, VA 22201
*Attorney for Defendant*

Law Office of David Sean Dufek
4295 Gesner Street #3-C2
San Diego, CA 92117
*Defendant*

By: /s/RDennis_____
Radi Dennis (#473921)
Counsel for *PLAINTIFF*
CONSUMER JUSTICE ESQ
P.O. Box 57417
Washington DC 20037
Telephone: (202) 579-1243
Facsimile: (202) 644-5228
rdennis@consumerjusticeesq.com

29