**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA**

| | |
|---|---|
| TAWANDA JONES, )  )  Plaintiff )  ) v. ) LAW OFFICE OF DAVID SEAN DUFEK ) and ) CACH, LLC, ) Defendants ) | Civil Action No. 14-533 |

## DEFENDANT CACH, LLC'S REPLY IN FURTHER SUPPORT OF MOTION TO DISMISS ON THE PLEADINGS PURSUANT TO RULE 12(c)

COMES NOW Defendant, CACH, LLC ("CACH"), by counsel, and in further support of its Motion to Dismiss on the Pleadings Pursuant to Rule 12(c) of the Federal Rules of Civil Procedure states as follows for its Reply.

### I.   INTRODUCTION AND PRELIMINARY MATTERS

The Opposition spends much effort insisting that CACH has somehow failed to put on evidence in support of a number of propositions. This effort reflects a fundamental failure to understand that this is a motion based on the pleadings. This is not an evidentiary motion any more than a 12(b)(6) motion is an evidentiary motion. CACH is relying on the pleadings, and need not accept conclusory allegations, conclusions of law, or new allegations for causes of action that have not even been pled. This case is simply about whether the content found within the four corners of Defendant Dufek's letter complies with applicable law. See Barimany v. Urban Pace LLC, 73 A.3d 964, 966 (D.C. 2013) (citations omitted) (treating a Rule 12(c) motion like a Rule 12(b)(6) motion to dismiss).

Plaintiff claims for the first time that Defendant Dufek did not file a timely Answer. However, Dufek applied and was waiting to get an ECF password so he could file electronically, as he is an attorney not licensed in this Court. Dufek filed his Answer on April 28, 2014, which Plaintiff alleges was several days late. Regardless of how one counts the days, Plaintiff never moved for a default judgment against Dufek, no mention was made of any default in the Joint Rule 16.3 Report filed by all parties on June 10, 2014, and there is no obvious prejudice to any brief delay. Dufek would likely prevail if any motion was filed by any party regarding default. This issue is a red herring.

Most sections of the Opposition argument curiously begin by claiming that the instant motion only addressed one particular statutory section but none others "therefore Plaintiff will only address those specific allegations." On the contrary, CACH addressed each and every statutory provision mentioned in the Complaint. Undersigned counsel is puzzled by this assertion.

As to general case authority, Plaintiff relies heavily on pre-Greco case law that is not applicable to this case.

> Greco's claim rests on a misunderstanding of the FDCPA's requirements, and of our prior explications of that statute. One cannot, consistent with FDCPA, mislead the debtor regarding meaningful "attorney" involvement in the debt collection process. But it does not follow that attorneys may participate in this process only by providing actual legal services. In fact, attorneys can participate in debt collection in any number of ways, without contravening the FDCPA, so long as their status as attorneys is not misleading. Put another way, our prior precedents demonstrate that an attorney can, in fact, send a debt collection letter without being meaningfully involved as an attorney within the collection process, so long as that letter includes disclaimers that should make clear even to the "least sophisticated consumer" that the law firm or attorney sending the letter is not, at the time of the letter's transmission, acting as an attorney.

Greco v. Trauner, Cohen & Thomas, LLP, 412 F.3d 360, 364 (2d Cir.2005).

Dufek's letter here not only included the Greco disclaimer but also stated that "we are acting in our capacity as a debt collector" as suggested by both of the Kay cases. See Gonzalez v. Kay, 577 F.3d 600, 607 (5th Cir. Tex. 2009) ("Although the mere presence of disclaimer language might be dispositive in certain circumstances, the context and placement of that disclaimer is also important"); Lesher v. Law Offices of Mitchell N. Kay, P.C., 650 F.3d 993, 997 (3rd Cir. 2011) (disclaimers printed on the back of the collection letter was not good enough).  Plaintiff's argument boils down to the claim that an attorney can never send a collection letter.

## II.   ARGUMENT

Plaintiff accuses CACH of misrepresenting the standard applied to analyze the language in dunning letters.  Plaintiff is wrong.  The circuits are split, and while some have adopted the "least sophisticated consumer" standard there is not unanimity.

> Claims brought under the Fair Debt Collection Practices Act are evaluated under the objective "unsophisticated consumer" standard. Bartlett v. Heibl, 128 F.3d, 497, 500 (7th Cir. 1997); Avila v. Rubin, 84 F.3d 222, 226 (7th Cir. 1996). Although the hypothetical unsophisticated consumer is not as learned in commercial matters as are federal judges, he is not completely ignorant either. Pettit v. Retrieval Masters Creditors Bureau, Inc., 211 F.3d 1057, 1060 (7th Cir. 2000). On the one hand, the unsophisticated consumer may be "uninformed, naive, or trusting," but on the other hand the unsophisticated consumer does "possess[] rudimentary knowledge about the financial world, is wise enough to read collection notices with added care, possesses 'reasonable intelligence,' and is capable of making basic logical deductions and inferences." Id. (citations omitted). Additionally, while the unsophisticated consumer "may tend to read collection letters literally, he does not interpret them in a bizarre or idiosyncratic fashion." Id.  If not even "a significant fraction of the population would be misled" by the debt collector's letter, then dismissal is required. Zemeckis v. Global Credit & Collection Corp., 679 F.3d 632, 636 (7th Cir. 2012) (citing Taylor v. Cavalry Inv. LLC, 365 F.3d 572, 574 (7th Cir. 2004)). In short, the unsophisticated consumer is not the least sophisticated consumer.

Gruber v. Creditors' Prot. Serv., 742 F.3d 271, 273-274 (7th Cir. Wis. 2014).  See also Duffy v. Landberg, 215 F.3d 871, 873 (8th Cir. 2000) (adopting the "unsophisticated consumer" standard in the 8th Circuit).

Regardless of how low the bar is set, as a matter of law "[e]ven the least sophisticated debtor is bound to read collection notices in their entirety." Campuzano–Burgos v. Midland Credit Mgmt., 550 F.3d 294, 299 (3d Cir. 2008) (citations omitted).  Once again, even when using the perspective of the least sophisticated consumer, the collection letter at issue here simply does not violate any statutory provision, and "[t]he question of whether a collection letter or notice violates the provisions of the FDCPA is a question of law to be determined by the Court."  Bodine v. First Nat'l Collection Bureau, Inc., 2010 U.S. Dist. LEXIS 131352 * 8 (D.N.J. Dec. 13, 2010).

### A. Disclaimer Not "Buried"

One of Plaintiff's very few substantive arguments is that the Dufek letter fails to comply because disclaimers are "buried" at the bottom of the letter instead of in the body. But the post-Greco case law cited throughout the motion and the opposition allow for disclaimers so long as they are on the front of the letter.  There is no allegation in the Complaint that the disclaimer is of a different font or size, and even if such an allegation was made the Court can look at the letter for itself.

The collection letter clearly and unambiguously states on the first and only page: "Please be advised that we are acting in our capacity as a debt collector and at this time no attorney with our firm has personally reviewed the particular circumstances of your account." No amount of insistence changes this plain fact.

### B. No Confusion as to Suit in DC or California

Another rare substantive argument found in the Opposition is that the least sophisticated consumer could think that he or she would be sued in DC or California when neither was going to happen. Of course the language of the letter makes no mention of a lawsuit anywhere. The consumer cannot infer something from nothing. "Naturally, when analyzing an alleged violation of this section, it must first be determined whether the defendant actually threatened to take action." Nichols v. Frederick J. Hanna & Assocs., PC, 760 F. Supp. 2d 275, 279 (N.D.N.Y 2011) (analyzing claim based upon 15 U.S.C. § 1692e(5)).

The subject collection letter does not misrepresent Dufek as being licensed in the District of Columbia, and it makes no representations as to licensure whatsoever. The letterhead clearly showed an office address in California, not the District of Columbia. Nor does the letter make any suggestion that a lawsuit would be filed in California. These are exactly the sort of fanciful claims that should not survive a Rule 12(c) motion.

### C. No Contradiction

Much of the Opposition simply argues that it is confusing and contradictory for the letter to be signed by "Attorney David Sean Dufek" but for the disclaimer to say that no attorney reviewed the file. This position is contrary to Greco and all of the post-Greco case law. In Greco the letter was not signed by any individual attorney, but the firm's name was printed as a signature block.

> In light of the disclaimer, we agree with the district court that the least sophisticated consumer, upon reading this letter, must be taken to understand that no attorney had yet evaluated his or her case, or made recommendations regarding the validity of the creditor's claims.

Greco v. Trauner, Cohen & Thomas, L.L.P., 412 F.3d 360, 365 (2d Cir. 2005).

The disclaimer here is the same text and font as the rest of the letter. Plaintiff cannot be heard to say that the disclaimer of attorney involvement was not right in front of her.

### D. Inapposite Authority

CACH stands on all of the authority cited in its Motion as fairly described and directly applicable. In contrast, Plaintiff consistently references pre-Greco, non-analogous, and otherwise inapposite cases throughout the Opposition. CACH addresses them briefly.

Plaintiff's early citation to Ardino v. Dufek, 2011 U.S. Dist. LEXIS 137170 (D.N.J. Nov. 30, 2011) is of no value. There is no reference in Ardino to a Greco disclaimer or to its proper placement.

Similarly, LeBlanc v. Unifund CCR Partners, 601 F.3d 1185, 1196 (11th Cir. Fla. 2010) had nothing to do with meaningful attorney involvement, and did not involve a Greco disclaimer. Moreover, jury trial was preferred to summary judgment in LeBlanc in large part because the language was very different from the instant letter, making express references to what would happen "[i]f suit is filed…" The word "suit" does not appear in the Dufek letter.

Plaintiff's citation to Pipiles v. Credit Bureau of Lockport, Inc., 886 F.2d 22, 25 (2d Cir. N.Y. 1989) is inapposite. There is no reference to a Greco disclaimer, and indeed this case predates Greco by six years. Just as crucially, Pipiles involved a collection of threats which stated that some action was imminent. The statements were:

- "Notice Is Hereby Given That This Item Has Already Been Referred for Collection Action"
- "We Will At Any Time After 48 Hours Take Action As Necessary And Appropriate To Secure Payment In Full"
- "Pay This Amount Now If Action Is To Be Stopped"

There is nothing of the sort in the letter in this case.

Plaintiff's cites to <u>Newman v. Checkrite Cal.</u>, 912 F. Supp. 1354, 1380 (E.D. Cal. 1995) for the proposition that sending a letter into a state where an attorney is not licensed is deceptive. But <u>Newman</u> involved express notices of filing suit, unlike the instant case, which is what made the absence of a license potentially deceptive.

Similarly, the letter at issue in <u>Belile</u>, 209 B.R. 658, 661 (Bankr. E.D. Pa. 1997) stated that the attorney would "seek a civil judgment for the balance due." That could arguably be deceptive where the attorney was not licensed in that state. But the instant letter has no such language, and the case has no applicability.

With respect to "threatening litigation" the relevant holding in <u>Woolfolk v. Van Ru Credit Corp.</u>, 783 F. Supp. 724, 726 (D. Conn. 1990) supports CACH, not Plaintiff.

> The plaintiffs assert that the defendant threatened litigation when it informed Butts that "WE DO NOT BELIEVE YOU WANT US TO TAKE FURTHER ACTION". Plaintiffs' Statement of Material Facts, Ex. E. The plaintiffs also assert that the form sent to Woolfolk, dated September 16, 1987, threatened litigation. Plaintiffs' Statement of Material Facts, Ex. C. The form is captioned "FINAL NOTICE OF RECOMMENDATION BEFORE SUIT", and warns that "legal action will be recommended to the creditor . . ."

That language is far more express, threatening, and law-invoking than anything remotely present in the instant Dufek letter.

<u>The Florida Bar v. Moran</u>, 273 So. 2d 390 (Fla. 1973) was not a FDCA case at all, and does not involve a lawyer from one state sending a letter to another state. The case is wholly inapplicable.

<u>Rosa v. Gaynor</u>, 784 F. Supp. 1, 4 (D. Conn. 1989) was an FDCA case, but one where the letter stated that "we may be forced to proceed with a lawsuit." There is no such language here, and of course there was no <u>Greco</u> disclaimer in <u>Rosa</u>.

7

The citation to United States v. Central Adjustment Bureau, Inc., 667 F. Supp. 370 (N.D. Tex. 1986) is an unusual stretch even by the standards of the Opposition. The facts are vastly different in this pre-Greco case:

> For example, in the Boston office, the general manager testified that he approved the first attorney letter; that the typed letters were then stamped with the attorney's signature and mailed from the Boston collection office of CAB; and that the attorney was sent only a listing of the accounts in which an attorney letter had been mailed with the name of the debtor, the client and the amount owed.

Id. at 382. There are no remotely similar claims in the instant suit. The Complaint alleges that Dufek sent the letter at issue.

Crossley v. Lieberman, 868 F.2d 566, 570 (3d Cir. Pa. 1989), yet another pre-Greco case, involved clearly illegal threats under the FDCPA. There are no such claims in the instant suit.

Kistner v. Law Offices of Michael P. Margelefsky, LLC, 518 F.3d 433, 435 (6th Cir. Ohio 2008) is not a Greco disclaimer case. The letter in Kistner was also arguably contradictory because it was on law firm letterhead but signed by an "account representative." No such contradiction exists here.

The reference to Shula v. Lawent, 359 F.3d 489, 492 (7th Cir. Ill. 2004) is misplaced for two reasons. First, directly contrary to the purpose for which it was cited, the trial court in Shula made a determination on summary judgment, and was affirmed by the appellate court. Second, the case has no applicability because it is yet another pre-Greco case.

Over and over again, the Opposition ignores that Dufek's letter carefully followed Greco and its progeny. The law is clear, the Dufek letter is one page, and this Court can easily determine that the letter is compliant.

### E. DCDCL Does Not Apply

The debt that Dufek sought to collect for CACH was a credit card obligation. Defendants are not "debt collectors" under Section 28-3814, as they did not attempt to collect a "claim." A credit card debt is not a consumer credit sale, consumer lease, or direct installment loan. The Opposition cites no authority to the contrary.

### F. Plaintiff is not a Consumer under DCCPPA

Plaintiff is not a consumer for purposes of DC law because she does not allege that she purchased or leased any goods or services from Defendants. CACH previously cited a number of authorities for the proposition that money is neither a good nor a service. See e.g. Riverside Nat'l Bank v. Lewis, 603 S.W.2d 169, 174 (Tex. 1980); Berry v. American Express Publishing, Inc., 147 Cal. App. 4th 224, 231-232 (Cal. App. 4th Dist. 2007); Deerman v. Federal Home Loan Mortg. Corp. 955 F.Supp. 1393, 1399 (N.D.Ala. 1997); Haeger v. Johnson, 25 Or.App. 131, 135, 548 P.2d 532 (1976). The Opposition cites no authority to the contrary.

Moreover, authority from earlier this month from this very Court (in a case handled by Plaintiff's counsel in this case) directly supports the proposition that the DCCPPA does not apply to debt collectors in any event. "Defendants moved to dismiss this count for failure to state a claim on the grounds that the DCCPPA does not apply to debt collectors because debt collection is not a 'trade practice,' as that term is defined by the statute…. The Court agrees." Baylor v. Mitchell Rubenstein & Assocs., P.C., 2014 U.S. Dist. LEXIS 92093 (D.D.C. July 8, 2014). "Defendants were not offering to sell or provide plaintiff with any goods or services, including consumer credit. Therefore, their attempts to collect debts are not trade practices under the DCCPPA." Id.

## CONCLUSION

WHEREFORE, Defendant CACH, LLC respectfully asks the Court to grant the instant Motion to Dismiss on the Pleadings Pursuant to Rule 12(c), enter judgment in favor of CACH, LLC, and for such further relief as the Court deems fair and just.

Dated: July 21, 2014                                      Respectfully submitted,

                                                          PERRY CHARNOFF PLLC

                                                             /s/ Mikhael D. Charnoff
                                                          Mikhael D. Charnoff (#476583)
                                                          Scott M. Perry (#459841)
                                                          2300 Wilson Boulevard, Suite 240
                                                          Arlington, VA 22201
                                                          P:  703-291-6650
                                                          F:  703- 563-6692
                                                          scott@perrycharnoff.com
                                                          mike@perrycharnoff.com
                                                          *Counsel for Defendant CACH, LLC*

## **CERTIFICATE OF SERVICE**

    I hereby certify that on July 21, 2014, I caused a copy of the foregoing to be served electronically and by mail upon:

Radi Dennis
CONSUMER JUSTICE ESQ
P.O. Box 57417
Washington, DC 20037

Law Office of David Sean Dufek
4295 Gesner Street #3-C2
San Diego, CA 92117

                              PERRY CHARNOFF PLLC

                                  /s/ Mikhael D. Charnoff
                              Mikhael D. Charnoff (#476583)
                              Scott M. Perry (#459841)
                              2300 Wilson Boulevard, Suite 240
                              Arlington, VA 22201
                              P:  703-291-6650
                              F:  703- 563-6692
                              scott@perrycharnoff.com
                              mike@perrycharnoff.com
                              *Counsel for Defendant CACH, LLC*