UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| TAWANDA JONES, | ) |
| Plaintiff, | ) Civil Case No. 14-00533 (RJL) |
| v. | ) |
| LAW OFFICE OF DAVID SEAN DUFEK | ) |
| and | ) |
| CACH , LLC. | ) |
| Defendants, | ) |

**MEMORANDUM IN SUPPORT OF PLAINTIFFS' MOTION FOR FEES IN CONNECTION WITH THE SEPTEMBER 7, 2014 ORDER**

I.  INTRODUCTION

The procedural history of this case is as follows. Plaintiffs filed a class action against the Defendants in Superior Court. Defendant's then filed a Notice of Removal on March 31, 2014. *See* Dkt. Entry #1. The Court issued a Standing Order on April 1, 2014. *See* Dkt. Entry #5. CACH filed a Motion to Compel Arbitration on May 7, 2014. See Dkt Entry # 9. Plaintiffs filed an Opposition to Defendant's Motion to Compel Arbitration on May 26, 2014. *See* Dkt. Entry #10. The Parties met for their Rule 26(f) conference on May 27, 2014. Plaintiffs filed their Motion to Certify Class on May 28, 2014. *See* Dkt. Entry #8. Defendant withdrew it Motion to Compel Arbitration on June 2, 2014. *See* Dkt. Entry #13. The Plaintiffs filed a Joint 26(f) report on June 10, 2014. See Dkt Entry #14. Defendant CACH filed its Motion to Dismiss Pursuant to Rule 12(c) on June 27, 2014. *See* Dkt. Entry #16. Plaintiffs filed their Opposition to CACH's

Motion to Dismiss on July 11, 2014. *See* Dkt. Entry #19. CACH and DUFEK filed a joint Motion to Quash and for a Protective Order on August 4, 2014. *See* Dkt. Entry #22. Plaintiff filed their Opposition on August 8, 2014. *See* Dkt. Entry #23. Plaintiifs filed a Motion for Leave to File a Surreply and Surreply on August 14, 2014. *See* Dkt. Entry #25. The Court issued its Order denying the Defendants' Joint Motion to Quash and for a Protective Order on September 7, 2014. *See* Dkt. Entry #26. The Court also denied Plaintiff's Motion for Leave to file Surreply as Moot.

As to discovery, Plaintiffs served their Request for Production of Documents, Request for Interrogatories and Request for Admission on both Defendants on July 14, 2014. Defendant CACH provided responses containing various Objections based on its Joint Motion for a Protective Order via electronic mail on August 15, 2014. Defendant DUFEK provided its responses containing similar objections based on its Joint Motion for Protective Order after August 25, 2014.

## II.   STANDARD

Rule 26(c)(3) allow for an award of expenses if a protective order is denied. See Fed.R.Civ.P. 26(c)(3) & 37(a)(5) (providing that expenses may be awarded if a motion for protective order is denied). Rule 37(a)(5)(B) provides that, upon denying a motion for a protective order, the Court "must, after giving an opportunity to be heard, require the movant, the attorney filing the motion, or both to pay the party ....who opposed the motion its reasonable expenses incurred in opposing the motion, including attorney's fees." *See also Beck v. Test Masters Educ. Servs., Inc*, 289 F.R.D. 374, 381 (D.D.C. 2004)(upholding award of plaintiffs expenses). The Rule specifically amended in 1970 to encompass a presumption of sanctions should be awarded unless one of the conditions in the Rule is met "to encourage judges to be more alert to abuses in the discovery

process." Fed. R. Civ. P. 37, Advisory Committee Notes to 1970 Amendments; see also *D.L. v. District of Columbia*, 256 F.R.D. 239, 242 (D.D.C. 2009) (noting that attorney's fees were not only warranted but required under the Rule); *Cobell v. Norton*, 226 F.R.D. 67, 90 (D.D.C. 2005)(The language of the Rule itself is mandatory, dictating that the Court must award expenses upon denial of a discovery motion unless the movant's position is substantially justified).

In calculating plaintiff's fee award, the Court must determine: (1) the reasonableness of the hourly rate charged; and (2) the reasonableness of the hours expended on the litigation. *Covington v. District of Columbia*, 57 F.3d 1101, 1107 (D.C. Cir. 1995).

To support its request, the plaintiff must submit evidence "sufficiently detailed to permit the District Court to make an independent determination whether or not the hours claimed are justified." *Nat'l Ass'n of Concerned Veterans v. Sec'y of Defense*, 675 F.2d 1319, 1327 (D.C. Cir. 1982); A "fee application need not present the exact number of minutes spent[,] nor the precise activity to which each hour was devoted[,] nor the specific attainments of each attorney," *Concerned Veterans*, 675 F.2d at 1327. "A party is only entitled to compensation for the work that is "useful and of a type ordinarily necessary to secure the final result obtained in the litigation." *Id.*

### III. ARGUMENT

#### A. Defendant's Joint Motion Was Not Substantially Justified

The Joint Motion filed by Defendants was not substantially justified. "[A] party's position is not substantially justified if there is no legal support for it, if the party concedes the validity of his opponent's position after [costing] everyone time and money, or, worse, defies an unequivocally clear obligation." *Cobell*, 226 F.R.D. at 90. (citations omitted).

3

Defendant's fail to cite any legal support for its position and conceded Plaintiff's argument that discovery is authorized due to the occurrence of the Rule 26(f) conference. Defendants' motion forced Plaintiffs to spend time researching, briefing and filing an opposition and surreply to their motion practice that is not supported by law. As such, Plaintiffs respectfully request that the Court grant their Motion for fees.

### B. Plaintiff's Rates Established by the *Laffey* Matrix[1] Are Reasonable.

Courts in the District of Columbia have traditionally determined a reasonable hourly rate for complex federal litigation through use of the "*Laffey* Matrix." *Heller v. Dist. of Columbia*, 832 F. Supp. 2d 32, 40 (D.D.C. 2011). The *Laffey* Matrix, developed 31 years ago in *Laffey v. Northwest Airlines*, 572 F. Supp. 354 (D.D.C. 1983), aff'd in part and rev'd in part on other grounds, 746 F.2d 4 (D.C. Cir. 1984), provides billing rates for attorneys in the Washington, D.C. market with various degrees of legal experience. Also see *Miller v. Holzmann*, 575 F.Supp.2d 2, 11 (D.D.C.2008) ("Due to its widespread acceptance, this matrix has been aptly described as 'the benchmark for reasonable fees in this Court.")

The reasonable rate for Plaintiff's counsel under the USAO's *Laffey* Matrix is $450 per hour. *See* http://www.justice.gov/usao/dc/divisions/Laffey_Matrix_2003-2014.pdf. Plaintiffs' counsel's rate in preparing the instant motion complies with both *Laffey* rates and complies with the reasonable billing rate approved by the D.C. Circuit. As Plaintiff's counsel's rate is in line with the *Laffey* Matrix it supports a finding of reasonableness.

### B. Loadstar Analysis and Case Law Confirms that the Attorney Fees Incurred are Reasonable.

---

[1] See Exhibit "C"

4

To determine the reasonableness of the number of hours expended on the litigation, the fee petitioner must submit evidence to the court that supports the hours worked. *Hensley v. Eckerhart*, 461 U.S. 424, 433 (1983)

As the attached Declaration shows, Plaintiff's Counsel spend 44.50 hours reviewing Defendant's correspondence, researching and drafting the opposition to the Defendants' Joint Motion to Quash and Protective Order, researching and drafting the surreply to Defendants' Reply and researching and drafting the Reply to Defendant's Opposition to Plaintiffs' Motion for Leave. *See* Ex. A (Declaration of Radi Dennis). In *Guantanamera Cigar Co. v. Corporacion Habanos,* 263 F.R.D. 1 (D.D.C. 2009), the Court approved as reasonable, 32.7 hours for the same type of work but with fewer filings *plus* additional hours for time spent drafting the fee application itself. As such, Plaintiff's time relating to the underlying motion to compel is reasonable.

As to the instant motion, Plaintiff spent 11.30 hours preparing and filing it. Such efforts included emailing opposing counsels in an attempt to avoid filing the instant motion, researching the standards to be applied and applicable case law, in addition to, time spent drafting, editing, and filing the instant motion. *See* Ex. A and Ex. B. Under *Guantanamera*, the hours expended on the instant motion are reasonable. *Guantanamera*, 263 F.R.D. at 12.

### IV.   CONCLUSION

For the foregoing reasons, Plaintiffs request an award of $22,761.00 for fees incurred in responding to Defendants' Joint Motion and for fees incurred in filing the instant motion for fees. Defendants' motion was not substantially justified and Plaintiffs fee and time expended are reasonable under both the *Laffey* Matrix and Lodestar.

DATE: September 15, 2014                    Respectfully Submitted,

                                                          CONSUMER JUSTICE ESQ

                                                          By: /s/RDennis
                                                          Radi Dennis (#473921)
                                                          Counsel for PLAINTIFFS
                                                          Consumer Justice ESQ
                                                          P.O. Box 57417
                                                          Washington DC 20037
                                                          Telephone: (202) 579-1243
                                                          Facsimile: (202) 644-5228
                                                          rdennis@consumerjusticeesq.com