UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| TAWANDA JONES, ) | |
| ) | |
| Plaintiff, ) | Civil Case No. 14-00533 (RJL) |
| ) | |
| v. ) | |
| ) | |
| LAW OFFICE OF DAVID SEAN DUFEK ) | |
| ) | |
| and ) | |
| ) | |
| CACH , LLC. ) | |
| ) | |
| Defendants, ) | |

**DECLARATION OF RADI DENNIS
IN SUPPORT OF PLAINTIFF'S MOTION FOR
AN AWARD OF COSTS AND ATTORNEY'S FEES**

1. I, Radi Dennis, attorney of record, and Principal of Consumer Justice ESQ hereby provide the following information related to the time incurred by Consumer Justice ESQ in connection with the Court's September 7, 2014 Order Denying Defendants' Joint Motion to Quash Unauthorized Discovery and for a Protective Order.

2. I, Radi Dennis, am a member in good standing of the bars of the District of Columbia and California. I have been an attorney licensed to practice in the District of Columbia since 2001 and licensed to practice in California since 2000.

3. I graduated from the University Of San Diego School Of Law in January 2000. During law school I clerked at Fish and Richardson, a boutique intellectual property litigation firm as well as volunteered at the legal clinic at University of San Diego assisting consumers with landlord tenant and other housing related issues. After law school, I

EXHIBIT A

moved to the District of Columbia where I worked for eleven (11) years as an attorney-for-hire. During which time I worked on over 100 litigations involving financial services, antitrust, intellectual property, etc.

4. My work as an attorney-for-hire included assisting financial services clients with government and internal investigations, enforcement and private investor class actions, foreclosure and regulatory compliance matters related to mortgage lending regulations, reviewing and assessing loan repurchase demands against mortgage originators and servicers by monoline insurers, presenting loss mitigation strategies, conclusions and recommendations to the managing attorneys on the case; performing risk assessments of loan portfolios and individual loans; identifying, evaluating and analyzing compliance issues of major servicers relating to foreclosure and servicing practices in mortgage transactions; identifying, evaluating and analyzing compliance with underwriting and servicing guidelines of Fannie Mae and Freddie Mac, etc.

5. I founded Consumer Justice ESQ, a solo-practice consumer litigation firm, in December 2012. My practice is limited to consumer law only.

6. As a consumer law attorney with expertise in consumer debt related law I often field calls from fellow attorneys seeking assistance with consumer law cases. Unfortunately, in many such instances, counsel initiating contact with me regarding these types of cases have lacked the requisite expertise, did not know the nuances in the law, or were unaware of the of actual and potential changes in the laws.

7. I represent consumers in such cases with the expectation of being paid a contingency amount from the proceeds of recovery, or being paid pursuant to a fee-shifting statute. Very few firms are inclined to take such cases due the risk involved. If unsuccessful, not

only is a substantial amount of time lost but there is also the risk associated with the possibility of bearing defendant's costs.

8. All the attorney time noted herein is based on contemporaneously recorded time records.

9. Based on the contemporaneous time records of Consumer Justice ESQ, I spent 44.50 hours responding to Defendants motion for a protective order in addition to an additional 11.30 hours researching and briefing the instant motion. The time incurred includes emails, research, drafting and filing Plaintiffs Opposition, Motion for leave, Surreply and Reply to Defendants' Opposition to Motion for Leave.

10. As an attorney that has practiced law in the District of Columbia for almost fourteen (14) years my "presumptively reasonable" rate according to the *Laffey* Matrix is $450 per hour.

11. Pursuant to the Lodestar method, the total fees and costs sought by the accompanying Motion are thus (56.20 x 450/hr) = $25,290.00.

12. All time submitted in this motion was reasonable and necessary to oppose Defendants' Motion.

13. I exercised billing judgment throughout the litigation process but also discounted an additional ten (10) percent from the total amount leaving $22,761.00.

I declare under penalty of perjury that the foregoing is true and correct.

September 15, 2014                               Respectfully Submitted,

                                                 CONSUMER JUSTICE ESQ

                                                 By: /s/RDennis
                                                 Radi Dennis (#473921)

                                              Counsel for PLAINTIFFS
Consumer Justice ESQ
P.O. Box 57417
Washington DC 20037
Telephone: (202) 579-1243
Facsimile: (202) 644-5228
rdennis@consumerjusticeesq.com

| DATE | DESCRIPTION OF TASK | TIME | | |
|---|---|---|---|---|
| 7/23/2014 | Reviewed letter re Discovery from CACH | 0:20 | | |
| 7/28/2014 | Sent email to OC re Request for Discovery withdrawal | 0:10 | | |
| 7/29/2014 | Research Protective orders and Motion to Compel | 1:20 | | |
| 8/3/2014 | Research re Protective Orders and Sanctions re Discovery | 9:20 | | |
| | Research re Protective Orders related to Discovery | 3:10 | | |
| | Reviewed Motion to Quash & Protective Order | 0:30 | | |
| | Research re Motion to Quash and Protective Order | 0:50 | | |
| 8/5/2014 | Research re OPP to Motion to Quash | 6:50 | | |
| | OPP to MTQ & Protective Order | 4:50 | | |
| | OPP to MTQ and Protective Order | 1:50 | | |
| 8/6/2014 | Final edits to OPP to MTQ and Protective Order | 7:00 | | |
| | Prepared and filed OPP to MTQ and Protective Order | 0:40 | | |
| 8/7/2014 | Reviewed Reply to OPP | 1:00 | | |
| 8/14/2014 | Surreply to MTQ | 3:00 | | |
| | Prepare and File Surreply to MTQ and Protective Order | 0:20 | | |
| | Reviewed Cach's OPP to Surreply | 0:40 | | |
| 8/28/2014 | Research Surreplies | 0:40 | | |
| 9/2/2014 | Drafted Reply to OPP for Surreply | 2:00 | | |
| | Prepare and File Reply to OPP to Motion for leave | 0:20 | **Opposition and Surreply** | 44:50 |
| 9/15/2014 | Draft Motion for fees | 2:20 | | |
| | Prepared Billing statement | 0:40 | | |
| | Draft Motion for fees | 1:50 | | |
| | Draft Motion for fees | 1:20 | | |
| | Draft Motion for fees | 4:00 | | |
| | Prepare and File Mtion for Fees | 1:20 | **Motion for Attorney Fees** | 11:30 |

**56:20**


EXHIBIT B

## LAFFEY MATRIX -- 2003-2014
### (2009-10 rates were unchanged from 2008-09 rates)

Years (Rate for June 1 - May 31, based on prior year's CPI-U)

| Experience | 03-04 | 04-05 | 05-06 | 06-07 | 07-08 | 08-09 | 09-10 | 10-11 | 11-12 | 12-13 | 13-14 |
|---|---|---|---|---|---|---|---|---|---|---|---|
| 20+ years | 380 | 390 | 405 | 425 | 440 | 465 | 465 | 475 | 495 | 505 | 510 |
| 11-19 years | 335 | 345 | 360 | 375 | 390 | 410 | 410 | 420 | 435 | 445 | 450 |
| 8-10 years | 270 | 280 | 290 | 305 | 315 | 330 | 330 | 335 | 350 | 355 | 360 |
| 4-7 years | 220 | 225 | 235 | 245 | 255 | 270 | 270 | 275 | 285 | 290 | 295 |
| 1-3 years | 180 | 185 | 195 | 205 | 215 | 225 | 225 | 230 | 240 | 245 | 250 |
| Paralegals & Law Clerks | 105 | 110 | 115 | 120 | 125 | 130 | 130 | 135 | 140 | 145 | 145 |

*Explanatory Notes:*

1. This matrix of hourly rates for attorneys of varying experience levels and paralegals/law clerks has been prepared by the Civil Division of the United States Attorney's Office for the District of Columbia. The matrix is intended to be used in cases in which a "fee-shifting" statute permits the prevailing party to recover "reasonable" attorney's fees. *See, e.g.*, 42 U.S.C. § 2000e-5(k) (Title VII of the 1964 Civil Rights Act); 5 U.S.C. § 552(a)(4)(E) (Freedom of Information Act); 28 U.S.C. § 2412 (b) (Equal Access to Justice Act). The matrix does **not** apply in cases in which the hourly rate is limited by statute. *See* 28 U.S.C. § 2412(d).

2. This matrix is based on the hourly rates allowed by the District Court in *Laffey v. Northwest Airlines, Inc.*, 572 F. Supp. 354 (D.D.C. 1983), *aff'd in part, rev'd in part on other grounds*, 746 F.2d 4 (D.C. Cir. 1984), *cert. denied*, 472 U.S. 1021 (1985). It is commonly referred to by attorneys and federal judges in the District of Columbia as the "*Laffey* Matrix" or the "United States Attorney's Office Matrix." The column headed "Experience" refers to the years following the attorney's graduation from law school. The various "brackets" are intended to correspond to "junior associates" (1-3 years after law school graduation), "senior associates" (4-7 years), "experienced federal court litigators" (8-10 and 11-19 years), and "very experienced federal court litigators" (20 years or more). *See Laffey*, 572 F. Supp. at 371.

3. The hourly rates approved by the District Court in *Laffey* were for work done principally in 1981-82. The Matrix begins with those rates. *See Laffey*, 572 F. Supp. at 371 (attorney rates) & 386 n.74 (paralegal and law clerk rate). The rates for subsequent yearly periods were determined by adding the change in the cost of living for the Washington, D.C. area to the applicable rate for the prior year, and then rounding to the nearest multiple of $5 (up if within $3 of the next multiple of $5). The result is subject to adjustment if appropriate to ensure that the relationship between the highest rate and the lower rates remains reasonably constant. Changes in the cost of living are measured by the Consumer Price Index for All Urban Consumers (CPI-U) for Washington-Baltimore, DC-MD-VA-WV, as announced by the Bureau of Labor Statistics for May of each year.

4. Use of an updated *Laffey* Matrix was implicitly endorsed by the Court of Appeals in *Save Our Cumberland Mountains v. Hodel*, 857 F.2d 1516, 1525 (D.C. Cir. 1988) (en banc). The Court of Appeals subsequently stated that parties may rely on the updated *Laffey* Matrix prepared by the United States Attorney's Office as evidence of prevailing market rates for litigation counsel in the Washington, D.C. area. *See Covington v. District of Columbia*, 57 F.3d 1101, 1105 & n. 14, 1109 (D.C. Cir. 1995), *cert. denied*, 516 U.S. 1115 (1996). Lower federal courts in the District of Columbia have used this updated *Laffey* Matrix when determining whether fee awards under fee-shifting statutes are reasonable. *See, e.g., Blackman v. District of Columbia*, 59 F. Supp. 2d 37, 43 (D.D.C. 1999); *Jefferson v. Milvets System Technology, Inc.*, 986 F. Supp. 6, 11 (D.D.C. 1997); *Ralph Hoar & Associates v. Nat'l Highway Transportation Safety Admin.*, 985 F. Supp. 1, 9-10 n.3 (D.D.C. 1997); *Martini v. Fed. Nat'l Mtg Ass'n*, 977 F. Supp. 482, 485 n.2 (D.D.C. 1997); *Park v. Howard University*, 881 F. Supp. 653, 654 (D.D.C. 1995).

EXHIBIT C