UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| TAWANDA JONES, | ) |
| Plaintiff, | ) Civil Case No. 14-00533 (RJL) |
| v. | ) |
| LAW OFFICE OF DAVID SEAN DUFEK | ) |
| and | ) |
| CACH, LLC. | ) |
| Defendants, | ) |

### REPLY TO OPPOSITION TO PLAINTIFFS' MOTION FOR ATTORNEY FEES

I. Introduction

In opposing the motion for fees, Defendants make the following arguments: 1) because their position was not "rash, insubordinate, or outlandish" it was substantially justified; and 2) Defendants' makes the bare and broad assertion that the hours requested are *"prima facie* unreasonable." Neither of the foregoing is sufficient to support the joint Opposition to the Motion for Fees filed by the Defendants.

Defendants' assertion that their position was not "rash, insubordinate, or outlandish" has no bearing on whether the position was substantially justified. This Court ordered the parties to "confer pursuant to Federal Rule of Civil Procedure 26(f)" within 30 days of all Defendants answering and to file a "Joint Meet and Confer Statement." [ECF No. 5, Standing Order, p.2 ¶ 1]. There is no question that a Rule 26(f) conference had taken place. Further, the plain language of the Rules and case law permits discovery. As such, Defendants were "obviously

wrong" and not substantially justified. Moreover, the standard for "substantially justified" is whether, viewed objectively, there was legal support for the Motion. There was no legal support for the Motion proffered by the Defendants as is evident by their failure to cite as much in said Motion.

Further, other than making a generic, broad and thread bare allegation that the hours are unreasonable, Defendants offer no support that the amount of hours that were reasonably expended are unreasonable Further, Defendants' unreasonableness claim is rebutted in an order by a sister Court in this judicial district in which it awarded a similar amount of hours in attorney fees for similar motion practice done under similar circumstances; except in this case Plaintiffs were forced to engage in additional motion practice due to Defendants abandonment of their primary argument in their Reply to Plaintiffs' Opposition. Moreover, broad-based, ill aimed attacks as to unreasonableness of attorney fees or hours are not countenanced in this Circuit. *Nat'l Ass'n of Concerned Veterans v. Sec'y of Def.*, 675 F.2d 1319, 1337-38 (D.C.Cir.1982).

Additionally, though Mr. Charnoff has given his opinion in a single case in Virginia as to attorney hours, he does not have any such expertise in the District of Columbia and therefore Mr. Charnoff's Declaration and claim of expertise in this area should be viewed by the Court as the self-serving extension of Defendants' Opposition that it is and should not be relied on as credible or objective. Plaintiffs counsel only expended the hours necessary to defeat Defendants motion and during such hours could not work on any other matter. As such, Plaintiffs respectfully request to be reimbursed in full for the reasonable and necessary hours expended on their behalf.

## II. Standard of Review

Rule 37(a)(5)(B) provides that, upon denying a motion for a protective order, the Court "must, after giving an opportunity to be heard, require the movant, the attorney filing the motion,

2

or both to pay the party ....who opposed the motion its reasonable expenses incurred in opposing the motion, including attorney's fees." The Rule further states that "the Court must not order payment if:.....(ii) the opposing party's nondisclosure, response, or objection was substantially justified; or (iii) other circumstances make an award of expenses unjust."

### III. Argument

#### A. Defendants' Position was Not Substantially Justified as is Evidenced by its Abandonment of its Rule 26(f) Position in its Reply and as is Conceded in its Opposition to the Instant Motion.

Defendant fail to address the plain language of Rule 37(a)(5)(B) but instead attempts to distract by arguing that the case law cited by Plaintiffs involved fees that were awarded based on a failure to obey a Court order. However, the plain language of Rule 37(a)(5)(B) governs the instant request for fees by Plaintiffs. The Rule states that fees "must" be awarded to the party who opposed the motion unless Defendant's position was "substantially justified" or the circumstances make an award of expenses unjust. Fed.Civ.R.P. 37(a)(5)(B).

Defendant argues in its Opposition that there was "substantial justification" for its reliance on Rule 26(f) as its primary and only support for its Motion for a Protective Order. However, the standard for whether "substantial justification" exists is an objective one. See *Pierce v. Underwood*, 487 U.S. 552, 565 (1988) (a party meets the "substantially justified" standard where there is a "genuine dispute" or "if reasonable people could differ" as to the appropriateness of the motion to compel). If there was no legal support given for the objection, then the objection is not justified. *Covad Commc'ns Co. v. Revonet, Inc.*, 262 F.R.D. 1, 4 (D.D.C. 2009). Not only did Defendants fail to cite any case law in its Motion or Reply supporting its interpretation of Rule 26(f) and local rule 26.2 but it abandoned the position in its Reply choosing instead to initiate a completely new line of argument in said Reply.

3

The standard for "substantially justified" is not, as erroneously argued by Defendants, a motion that is not "rash, insubordinate, or outlandish." The standard is an objective one. *Id.* Therefore, because Defendants did not have an "objectively" reasonable basis for their Motion, said Motion was not substantially justified. Further, Defendants have failed to cite a single case supporting their position that the relief sought in the main action is in any way applicable or relevant to fees requested under Rule 37(a)(5)(B). Moreover, each of the statutes under which Plaintiffs seek relief contains an attorney fee provision.

Defendants cite *Faith Satellite Radio, LLC v. Lutheran Church Mo. Sunod*, 2010 U.S. Dist. LEXIS 105764 (D.D.C. Oct. 4, 2010) as supporting its position that it is not "obviously wrong" but then qualifies the citation of support by stating the very wrinkle or "difference" between its Motion and the motion in *Faith Satellite* that makes its position unjustified. "The sole difference is that the parties had not conferred in Faith Satellite." *Faith Satellite* in fact supports Plaintiffs argument that because the Rule 26(f) conference had occurred, Defendants Motion was not substantially justified. By citing *Faith Satellite*, Defendants acknowledge that the occurrence of the Rule 26(f) conference prior to issuance of discovery requests makes their position unjustified says so *Faith Satellite*. Defendants thereby concede in their Opposition that their cited support does not in fact support the position they are arguing; that they were "substantially justified" in bringing the Motion for Protective Order. As such, Plaintiffs respectfully request that their motion for attorney's fees be granted.

**B.  General allegations of "Unreasonable" Attorney Fees are Insufficient to Allege Unreasonableness of Fee Request**

The D.C. Circuit has previously counseled, concerning oppositions to attorney fee motions, that "[n]either broadly based, ill-aimed attacks, nor nit-picking claims by the Government should be countenanced. *Nat'l Ass'n of Concerned Veterans v. Sec'y of Def.*, 675

F.2d 1319, 1337-38 (D.C.Cir.1982). Additionally, a sister Court in this District has ordered a party to pay 32.7 hours for fewer filing submitted than the number submitted pertaining to the instant motion. *Guantanamera Cigar Co. v. Corporacion Habanos,* 263 F.R.D. 1 (D.D.C. 2009).

Plaintiffs' counsel reasonably expended all the time claimed in the instant Motion on each aspect of the opposition and surreply on which Plaintiffs were ultimately successful. Plaintiffs counsel was required to research the law pertaining to Motions to Quash, Motions for Protective Orders and Motions for a Stay in addition to Rules 26. Regardless of what was argued in Defendants joint motion to quash, Plaintiffs' counsel is responsible for arguing the correct standard and law in its Opposition to Defendants' motion which takes time to investigate, research the appropriate rules, standards, and case law, draft and edit all of which was reasonable and necessary to obtain a favorable result for Plaintiffs. Defendants' claim of unreasonableness is broadly based, ill-aimed and unsupported.

Further, Mr. Charnoff states that he is an experienced litigator. Defendants also argue that an experienced litigator could "complete a task in a couple of hours," though it is unclear how much time was spent on the Motion for Protective Order, and that a private client would not pay the rate or for the hours expended by Plaintiffs' counsel as a result of the unsubstantiated motion filed by Defendants. However, clients regularly pay such rates and for such hours as the *Laffey* Matrix is based on the rates regularly charged in the District of Columbia and is the standard for this Circuit thus there is no basis for the claim by Defendants. Additionally, Mr. Charnoff will be or has been paid in full for filing the Motion in question even though it was ill-filed and unsuccessful. As defense counsel, Mr. Charnoff is paid promptly and fully for each filing or motion regardless of merit.

Finally, Plaintiffs counsel can only work on a single case at a time with all attention directed to the task at hand and with a full case load cannot afford to spend a single minute on a case that is not absolutely necessary. As such, every single minute claimed in the instant fee motion was absolutely necessary to achieve the result obtained. It is one hundred percent certain that Defendants would prefer that Plaintiff's counsel spend only as much time its filings as Defendants' counsel spends on their filings but given the difference in firm types (plaintiff and defense) the two cannot be compared. Plaintiffs' stakes are typically higher relatively speaking. As such, efficiency and output is absolutely paramount. Defendants have not provided any evidence or support to contradict the reasonableness and necessity of any minute or hour expended. As such, Plaintiffs respectfully request that there motion be granted.

    **C.    Plaintiff's Motion for Surreply Was Substantially Justified Even though said Motion and the Surreply was Denied by the Court As Moot**

"[A] litigant who is unsuccessful at a stage of litigation that was a necessary step to her ultimate victory is entitled to attorney's fees even for the unsuccessful stage."). See, e.g., *Air Transp. Ass'n of Can. v. FAA*, 156 F.3d 1329, 1335 (D.C.Cir. 1998).

Because Defendants abandoned their initial argument in their Reply, Plaintiff's counsel was forced to file a motion for leave and surreply to rebut the Defendants new arguments. Though the Court denied the motion for leave as "moot," seemingly because it had already denied the motion for protective order, the surreply was still necessary to the advancement of the claims of Plaintiffs. As such, Plaintiffs request to be reimbursed for all fees incurred in the briefing and filing of their Opposition, Surreply, the instant motion and this Reply for a total of 65 hours reasonably expended that includes the discount of six hours given in further exercise of billing judgment.

## IV. Conclusion

WHEREFORE, Plaintiffs respectfully requests that the Court grant their motion for attorney fees because Defendants were not substantially justified in bringing their Motion as the plain language of Rule 26(f) and Local Rule 26,2, cited as Defendants' sole support for their Motion and instantly abandoned in their Reply, states that it applies to initial disclosures and the plain language of Fed. R.Civ..P. 26(d)(1) states that a party may seek discovery after the Rule 26(f) conference. Additionally, the plain language of this Court's Standing Order indicated that Rule 26(f) conference had taken place. Further, Defendants offer no credible objection or support for their claim of unreasonableness as such claim is broad-based, ill-aimed and has been rebutted by courts in this District. Plaintiffs respectfully request $29,241.00 for all fees incurred.

October 8, 2014                                                  Respectfully Submitted;

                                                                 CONSUMER JUSTICE ESQ

                                                                 By: /s/RDennis
                                                                 Radi Dennis (#473921)
                                                                 Counsel for PLAINTIFF
                                                                 Consumer Justice ESQ
                                                                 P.O. Box 57417
                                                                 Washington DC 20037
                                                                 Telephone: (202) 579-1243
                                                                 Facsimile: (202) 644-5228
                                                                 rdennis@consumerjusticeesq.com

## **CERTIFICATE OF SERVICE**

I, Radi Dennis, hereby certify that on this 8th day of October 2014, a true and accurate copy of Reply to Opposition to Plaintiffs' Motion for Attorney Fees will be served electronically using ecf system upon the following:

Mikhael D. Charnoff
2300 Wilson Blvd, Suite 240
Arlington, VA 22201
*Attorney for Defendant*

Law Office of David Sean Dufek
4295 Gesner Street #3-C2
San Diego, CA 92117
*Defendant*

By: /s/RDennis
Radi Dennis (#473921)
Counsel for *PLAINTIFF*
CONSUMER JUSTICE ESQ
P.O. Box 57417
Washington DC 20037
Telephone: (202) 579-1243
Facsimile: (202) 644-5228
rdennis@consumerjusticeesq.com