# UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| **TAWANDA JONES** | ) |
| | ) |
| **Plaintiff,** | ) |
| | ) |
| | ) |
| **v.** | ) |
| | ) |
| | ) |
| **LAW OFFICE OF DAVID SEAN DUFEK,** | ) |
| | ) |
| **and** | ) |
| | ) |
| **CACH, LLC,** | ) |
| | ) |
| **Defendants.** | ) |

**Civil Case No. 14-00533 (RJL)**

**FILED**

**JAN 0 6 2015**

Clerk, U.S. District & Bankruptcy
Courts for the District of Columbia

## MEMORANDUM OPINION
January 5, 2015 [Dkt. # 12, 16]

Plaintiff, Tawanda Jones, ("plaintiff" or "Jones") filed this purported class action

against defendants CACH, LLC ("CACH"), a debt collection agency, and the Law Office

of David Sean Dufek ("Dufek") in D.C. Superior Court on February 28, 2014, alleging

violations of the Fair Debt Collection Procedures Act, 15 U.S.C. § 1692, *et seq.*

("FDCPA"), the District of Columbia Debt Collection Law, D.C. Code § 28-3814, *et seq.*

("DCDCL"), and the District of Columbia Consumer Protections Procedures Act, D.C.

Code § 28-3901, *et seq.* ("DCCPPA"), arising out of the attempted collection of a credit

card debt that plaintiff owed CACH. *See* Compl. and Demand for Jury Trial [Dkt. # 1-1]

("Complaint" or "Compl."). Defendants removed the action to this Court on March 31,

2014, on the basis of federal question jurisdiction, and plaintiff moved for class

certification on May 28, 2014. *See* Pl.'s Mot. for Class Certification [Dkt. # 12]. CACH

subsequently moved for judgment on the pleadings pursuant to Federal Rule of Civil

Procedure 12(c) on June 27, 2014, arguing that the debt collection letter at issue does not

violate the relevant statutes as a matter of law. *See* Def. Cach, LLC's Mot. to Dismiss on

the Pleadings Pursuant to Rule 12(c) [Dkt. # 16] ("Def.'s Mem."). After due

consideration of defendant's motion, plaintiff's opposition thereto, and the relevant law,

the Court GRANTS defendant's Motion for Judgment on the Pleadings and DISMISSES

the Complaint in its entirety. As a result, plaintiff's Motion for Class Certification is

DENIED as moot.

## BACKGROUND

CACH hired attorneys from Dufek's firm to send a demand letter to plaintiff for

payment of her debt to CACH in the amount of $1,050.29. The letter, dated March 1,

2013, stated that Dufek had been "retained to collect the debt owed by you to CACH,

LLC." *See* Compl. ¶¶ 26-27. The letter contained certain warnings and disclaimers,

including that "we are acting in our capacity as a debt collector and at this time, no

attorney with our law firm has personally reviewed the particular circumstances of your

account." *See* Compl. ¶¶ 30-31, Ex. A.

Plaintiff claims that she "believed that an attorney was involved in the collection

of the alleged debt" and that she "believed that Defendants could and would take legal

action against her in connection with the alleged debt if payment was not made." Compl.

¶¶ 33-34.  Plaintiff also alleges that defendants made false suggestions and implications

in the collection letter.  Compl. ¶¶ 36-43.

## ANALYSIS

Defendant moves for judgment on the pleadings pursuant to Federal Rule of Civil

Procedure 12(c).  Under Rule 12(c), any party may move for judgment on the pleadings

"[a]fter the pleadings are closed but within such time as not to delay the trial."  A motion

for judgment on the pleadings shall be granted if the moving party demonstrates that "no

material fact is in dispute and that it is 'entitled to judgment as a matter of law.'" *Stewart

v. Evans*, 275 F.3d 1126, 1132 (D.C. Cir. 2002) (quoting *Peters v. Nat'l R.R. Passenger

Corp.*, 966 F.2d 1483, 1485 (D.C. Cir. 1992)).  In considering a motion for judgment on

the pleadings, the Court should "accept as true the allegations in the opponent's

pleadings" and "accord the benefit of all reasonable inferences to the non-moving party."

*Id.* (internal quotation marks omitted).  However, whether a particular collection letter or

notice violates the FDCPA "is a question of law to be determined by the Court."  *See

Bodine v. First Nat. Collection Bureau, Inc.*, No. 10 Civ. 2472, 2010 WL 5149847, at *3

(D.N.J. Dec. 13, 2010).[1]

---

[1] Although our Circuit Court has not specifically addressed the issue, the Third Circuit has noted that the
majority of courts to have considered this question have found collection letters analogous to the
interpretation of contracts, not dependent on any extrinsic evidence, and thus, presenting a question of
law. *See Wilson v. Quadramed Corp.*, 225 F.3d 350, 353 (3d Cir. 2000).

Plaintiff alleges certain violations of FDCPA, 15 U.S.C. §§ 1692e(2), -(3), -(5), -(10), 1692f, and 1692j. *See* Compl. ¶¶ 13-15. The relevant portions of 15 U.S.C. § 1692e provide that a "debt collector may not use any false, deceptive, or misleading representation or means in connection with the collection of any debt." *Id.* Specifically, plaintiff alleges violation of the following sections of § 1692e, which prohibit: (i) the false representation of the character, amount, or legal status of any debt, *see* § 1692e(2); (ii) the false representation or implication that any individual is an attorney or that any communication is from an attorney, *see* § 1692e(3); (iii) the threat to take any action that cannot legally be taken or that is not intended to be taken, *see* § 1692e(5); and (iv) the use of any false representation or deceptive means to collect or attempt to collect any debt or to obtain information concerning a consumer, *see* § 1692e(10). In addition, she claims that the defendant has violated Section 1692f, which makes it unlawful for a debt collector to "use unfair or unconscionable means to collect or attempt to collect any debt." § 1692f. The DCDCL similarly prohibits false or misleading statements in connection with the collection of a debt. *See* D.C. Code. § 28-3814(f).

Although our Circuit Court has not yet decided the standard that governs contested language in collection letters under FDCPA, the Third Circuit uses a "least sophisticated consumer" standard, which is "lower than simply examining whether particular language would deceive or mislead a reasonable debtor." *Wilson v. Quadramed Corp.*, 225 F.3d 350, 354 (3d Cir. 2000). The Third Circuit has explained that the "basic purpose of the

4

least-sophisticated-consumer standard is to ensure that the FDCPA protects all consumers, the gullible as well as the shrewd" and that this "standard is consistent with the norms that courts have traditionally applied in consumer-protection law." *Id.* (citing *United States v. Nat'l Fin. Servs., Inc.*, 98 F.3d 131, 136 (4th Cir. 1996)). To date two of my colleagues have applied the "least sophisticated consumer" standard to FDCPA claims. *See Mazza v. Verizon Washington DC, Inc.*, 852 F. Supp. 2d 28, 36 (D.D.C. 2012) (EGS); *Fed. Trade Comm'n v. Capital City Mortgage Corp.*, No. 98 Civ. 237, 1998 WL 1469619, at *5 (D.D.C. July 13, 1998) (JLG) ("The test for determining potential violations of the FDCPA is an objective standard based on the 'least sophisticated consumer.'" (citing *Maguire v. Citicorp Retail Servs.*, 147 F.3d 232, 236 (2d Cir.1998))).[2]

Plaintiff argues that the Dufek letter is false and misleading under all three statutes because defendant Dufek did not have any authority to either collect or sue. Compl. ¶ 57 ("failing to advise unrepresented consumers . . . that they can take no legal action against them"); *see also* Pl.'s Opp. to Def. CACH's Mot. to Dismiss [Dkt # 10] ("Opp."), at 10-13. I disagree. There cannot be a "misrepresentation" about Dufek's authority to sue unless such an action was actually threatened. Unfortunately for the plaintiff, the letter makes *no* mention of a lawsuit. *See Nichols v. Frederick J. Hanna & Assocs., PC*, 760 F. Supp. 2d 275, 279 (N.D.N.Y. 2011) ("Naturally, when analyzing an alleged violation of

---

[2] The Seventh and Eighth Circuits have adopted the "unsophisticated consumer" standard, which is more lenient than the "least sophisticated consumer" standard, *see Gruber v. Creditors' Prot. Serv.*, 742 F.3d 271, 273-74 (7th Cir. 2014); *Duffy v. Landberg*, 215 F.3d 871, 873 (8th Cir. 2000). Plaintiff's claims fail either standard.

this section, it must first be determined whether the defendant actually threatened to take action."). Indeed, the letter at issue here specifically disclaimed meaningful lawyer involvement on the first page. *See* Compl. at Ex. A ("Please be advised that we are acting in our capacity as a debt collector and at this time, no attorney with our law firm has personally reviewed the particular circumstances of your account"). In *Greco v. Trauner, Cohen & Thomas, LLP*, the Second Circuit explained that it "does not follow that attorneys may participate in [the debt collection] process only by providing actual legal services." 412 F.3d 360, 364 (2d Cir. 2005). Attorneys can participate in debt collection as long as their status as attorneys is not misleading. *Id.* Here, nothing was misleading about Dufek's involvement. Dufek's involvement was accurately disclosed, and there was no threat of suit or other legal action.

Plaintiff further alleges that it was a misrepresentation that the Dufek firm was authorized to take legal action against consumers in the District of Columbia, because Dufek is a California law firm not licensed to practice law in the District of Columbia. Compl. ¶ 58; Pl. Mem. at 14-16. However, as discussed above, there was no "threatened" legal action, thus there cannot be a misrepresentation about the ability to take action in the District of Columbia. Furthermore, there was no misrepresentation in the letter regarding the Dufek's status as a law firm comprised of lawyers because Dufek is, in fact, a law firm. *See Nichols*, 760 F. Supp. 2d at 278; *see also Sturdevant v. Thomas E. Jolas, PC*, 942 F. Supp. 426, 430 (W.D. Wis. 1996) ("plaintiff contends that because the individual

defendant Thomas E. Jolas is not an attorney licensed to practice in the State of Wisconsin, defendants could not legally bring an action to collect this debt in Wisconsin. This argument is frivolous.").

Plaintiff further alleges that, under all three statutes, the collection letters used Dufek's title, letterhead, status, and position as an attorney to make false, deceptive, or confusing statements. Compl. ¶ 62; Pl. Mem. at 16-20. The collection letter at issue here, however, specifically disclaimed that an attorney had "personally reviewed the circumstances of your account" and made clear that Dufek was "acting in our capacity as a debt collector." Compl. at Ex. A. Courts have found that language similar to the language here defeats an FDCPA claim because it accurately states the level of attorney involvement and, thus, is not misleading under the least sophisticated consumer standard. *See Greco*, 412 F.3d at 365; *Eddis v. Midland Funding, L.L.C.*, No. 11 Civ. 3923, 2012 WL 664812, at *8 (D.N.J. Feb. 28, 2012) ("Additionally, since Defendant's disclaimer appears on the front of the letter, in the body of the text and in the same font, Defendant has not made a false representation or implication that the letter is from an attorney with meaningful involvement as an attorney in the debtor's case."). And the fact that the disclaimer here was not in the body of the letter itself is unavailing because it was on the front page, in the same font as the rest of the letter. The Third Circuit itself has noted in that regard that "[e]ven the least sophisticated debtor is bound to read to read collection

notices in their entirety." *Campuzano-Burgos v. Midland Credit Mgmt.*, 550 F.3d 294, 299 (3d Cir. 2008).

Plaintiff also alleges that defendant created a "false sense of urgency" by using the title of an attorney. Compl. ¶ 62; Pl. Mem. at 24-25. This argument is also unavailing. The collection letter clearly and unambiguously states that Dufek is acting as a debt collector, not as an attorney. Compl. at Ex. A. Furthermore, the only time period referenced in the letter is 30 days from the date of receipt of the letter, and that disclosure is expressly mandated by 15 U.S.C. § 1692g(a). The references to 30 days in the letter are limited to the following notices required by the FDCPA: (1) when the debt will be assumed valid, (2) when an offer to provide verification if requested, and (3) when an offer to provide the name and address of the original creditor must be provided. Compl. at Ex. A; *see also* 15 U.S.C. § 1692g(a).

Finally, plaintiff alleges certain similar violations of the DCCPPA. *See* Compl. ¶¶ 17, 20-34. However, these fail for the additional reason that DCCPPA does *not* apply to plaintiff because plaintiff is not a "consumer" within the meaning of D.C. law. The DCCPPA defines "consumer" as a "person who, other than for purposes of resale, does or would purchase, lease (or lessee), or receive consumer goods or services, including as a co-obligor or surety, or does or would otherwise provide the economic demand for a trade practice." D.C. Code § 28-3901(a)(2)(A). Plaintiff does not allege that she purchased or leased any goods or services from defendant, only that there was a *loan*

from CACH's predecessor-in-interest. Pl. Mem. at 14. Money, of course, is neither a good or service, it is a medium of exchange, and a loan of money is *not* a purchase or lease of goods or services. *See Baylor v. Mitchell Rubenstein & Associates, P.C.*, No. 13 Civ. 1995, 2014 WL 3057563, at *7 (D.D.C. July 8, 2014) ("Defendants moved to dismiss this count for failure to state a claim on the grounds that the DCCPPA does not apply to debt collectors because debt collection is not a 'trade practice,' as that term is defined by the statute. The Court agrees,"). As such plaintiff's DCCPPA claims are also lacking in merit and must be dismissed.

## CONCLUSION

The letter at issue clearly and unambiguously disclosed the level of attorney involvement in connection with the collection of this debt. *See* Compl. at Ex. A. Nothing about the letter was false or misleading, even under the most lenient "least sophisticated consumer" test, *see Greco*, 412 F.3d at 365, and, as a result, the defendant's motion is GRANTED and the Complaint is DISMISSED.

RICHARD J. LEON
United States District Judge

9